THE BANK OF PERU, Appellant, *v.* ELIJAH N. FARNSWORTH, Appellee.

APPEAL FROM LA SALLE.

The banks of this state are prohibited from issuing time certificates of deposit or other paper, not payable on demand, and any such issue is void.

THIS is an action commenced by Farnsworth against the bank of Peru, upon a certificate of deposit, on the back of which is indorsed, "Pay to order of E. N. Farnsworth, John Farnsworth. Pay the bearer, E. N. Farnsworth."

The appellee filed a declaration in the county court of La Salle county, as follows:

The first count of the declaration was upon the certificate of deposit, setting it out in substance, and the indorsement by the depositor to the appellee—the liability of appellant, promise to pay, and presentment for payment and refusal.

The second count alleges that on September 22d, 1854, at Peru, in consideration that John Farnsworth, at the special instance and request of the appellant, would deposit in the bank of Peru, for four months from and after said September 22d, 1854, $240 in currency, the appellant undertook and promised to pay the appellees the sum of $240 in currency, in four months after date of deposit, and avers that John Farnsworth did, on the day and year aforesaid, make the deposit and suffer it to remain the four months, and that appellant has not paid, though often requested, etc., and containing also the common counts.

Copy of the certificate of deposit, being the only instrument or account declared on, or filed.

The defendant filed the general issue, and several special pleas.

There was a trial and verdict. Motion for a new trial overruled, and judgment rendered for $256.04, costs; and exceptions taken, and appeal. Bill of exceptions shows: first, the pleadings; second, that appellee offered in evidence the certificate of deposit.

Appellant admitted signature of cashier, and that he was cashier, which was all the evidence offered with and to prove the same.

That defendant objected to the introduction of said certificate in evidence, for the following, among other reasons:

1st. That it was issued in violation of law, and void.

2d. That it was on agreement to pay articles of personal property, and not money ; and that bank had no authority to issue any bill, note, or certificate for anything but money.

3d. That no action can be maintained on the certificate, or to recover the money deposited, unless in name of depositor.

4th. That the bank of Peru had no authority to issue any bill or note for the payment of money, unless such bill or note was signed by the president and cashier of the bank, which objections were overruled by the court, and the certificate was read in evidence, and appellant excepted.

CHUMASERO and ELDREDGE, for Appellant.

GLOVER and COOK, for Appellee.

CATON, J.   It was conceded that the plaintiff in error is a banking institution, incorporated under the general banking law of this state, passed February 15th, 1851.   This action was brought against the bank upon the following instrument:

John Farnsworth, Esq. has deposited in this bank two hundred and forty dollars, currency, to the credit of himself, payable in like funds on the return of this certificate, duly indorsed, four months after date.

ED. C. ALLEN, *Cashier.*

This was assigned by John Farnsworth to E. N. Farnsworth, by whom this action was brought.   The only question which we propose to consider is, whether this instrument is embraced within the provisions of the twentieth section of the act above referred to.   That section is as follows: "No banking association or individual banker shall issue or put in circulation any bills or notes of such association or banker, unless the same shall be made payable on demand."   Is this instrument a bill or note ?   If it is, it was made in express violation of the act, not being made payable on demand, and cannot be enforced in a court of law.   *Craig* v. *The State of Missouri*, 4 Peters R. 410 ; *The Bank of Chillicothe* v. *Dodge*, 8 Barb. (S. C.) R. 233 ; *Bank Commissioners* v. *St. Lawrence Bank*, 3 Selden R. 513 ; *White* v. *Franklin Bank*, 22 Pick. R. 181 ; *Leavitt* v. *Palmer*, 3 Comstock's R. 19.   This list of authorities to this point might be extended almost indefinitely.   The bank is an artificial person, with only such limited capacities

as the legislature has seen fit to confer upon it, and certainly can do nothing which it is prohibited to do. If it does an act which it is forbidden to do, such act must necessarily be void, else the integrity of the law is not maintained. To give effect to a contract which the bank was forbidden to make, would be as great a violation of the law, on the part of the court, as it was of the bank to make it. The law, by prohibiting the act, in effect, declares that such act, if done, shall be utterly void. Suppose that the legislature had declared that the bank should not purchase or hold real estate, a conveyance to it would be utterly void and would not divest the title of the grantor.

We then recur to the question, was the contract, upon which this action was brought within the prohibitory clause of the statute? We cannot doubt that it is, not only within the spirit, but also the letter of the prohibition. What is this instrument? In form it is a certificate of deposit. But that is not all. It is also an express promise to pay the amount deposited four months from date. The certificate of deposit is merely a declaration of the consideration of the promise. The promise to pay is no more qualified or legalized by the certificate of deposit, than it would be by any other expression of a sufficient consideration. The substance and effect of the instrument is precisely the same that it would be had it declared that, for value received, the bank agreed to pay John Farnsworth the amount in currency, on the return of the instrument, with his indorsement, four months from date. If such was the legal effect of the instrument, it is simply a promissory note. No particular form of words is necessary to make a promissory note. Any form of expression containing an absolute promise to pay a certain amount, at a time certain, constitutes a promissory note. This paper contains all these essential elements of a promissory note without limit or qualification, and beside that, simply expresses the consideration on which the promise is made. Like a promissory note, it was put in circulation by the indorsement of the promisee, and this action is brought by the assignee. If it was not a promissory note in the commercial sense of the term, then by what authority was it negotiated? If our banks may issue these time certificates of deposit, then is the public still exposed to all the mischiefs against which it was the intention of the legislature to make provision. The country may quickly be flooded with a currency of precisely this form and character. It is not a question here, whether this was designed to circulate as currency. That was not essential to make it void by the act. Banks might issue promissory notes on time, in any other form, not designed to be used as currency, but

they would be none the less illegal. So long as it was possible to force such notes into circulation as currency, it was sufficient to induce the legislature to prohibit them altogether. In this way alone could the community be surely protected against the possibility of such a currency, and it is the duty of the courts to see that the purposes of the law are not defeated by any ingenious form of words, for that purpose. We are clearly of opinion that the promise sued on was made in express violation of the law, and void, and for that reason, should have been excluded as evidence from the jury.

The judgment must be reversed and the cause remanded.

*Judgment reversed.*