JOHN W. BRUMMAGIM, ADMINISTRATOR OF THE ESTATE OF ANDREW J. KING, DECEASED, v. D. J. TALLANT.

STATUTE OF LIMITATIONS ON CERTIFICATE OF DEPOSIT.—The Statute of Limitations begins to run against a banker's certificate of deposit, payable on demand, from the date of the same, and no special demand is necessary to put it in motion.

CERTIFICATE OF DEPOSIT.—In substance and legal effect a certificate of deposit and promissory note are the same.

APPEAL from the District Court, Twelfth Judicial District, City and County of San Francisco.

A. J. King, on the 8th day of December, 1860, deposited with Tallant & Wilde, bankers, two thousand dollars, and received certificates of deposit therefor payable to his order on demand. The certificates were shortly after stolen from King, and Tallant & Wilde, December 27th, 1860, paid King the money. At the same time, King, to indemnify them, delivered to them three thousand dollars in six per cent bonds of the City and County of San Francisco. Tallant & Wilde at the same time gave King a written agreement that they were to keep the bonds until the certificates were found and delivered up to them to be cancelled, or were barred by the Statute of Limitations. Plaintiff, who was administrator on the estate of King, on the 2d day of February, 1865, demanded the bonds of defendant, who was the surviving partner of the firm. The defendant refused to deliver them, and this suit was instituted July 19th, 1865, for their recovery. The defendant demurred to the complaint. The demurrer was overruled. The defendant declined to answer, and judgment was rendered for plaintiff. The defendant appealed from the judgment.

*Collins & Clemments,* for Appellant.

The Statute of Limitations does not begin to run in any case until a right of action has arisen. (*Downes* v. *Phœnix Bank,* 6 Hill, 297 ; Story on Bailments, 66, Sec. 88 ; *Marzetti* v. *Williams,* 1 Barn. & Ald. 415 ; Chitty on Bills, 547, Ed. of 1839 ; *Barr* v. *Walker,* etc., 12 Barb. 301 ; *Lillie* v. *Hoyt,* 5 Hill, 400.) And we contend that a cause of action does not appear by the complaint to have arisen on these certificates for want of a request to pay, or its equivalent. Until a neglect or refusal to pay, there can be no breach, and there can be no right of action *ex contractu* until after a breach. (*Patterson* v. *Poindexter,* 6 Watts & S. 227 ; *Little* v. *Blunt,* 9 Pick. 491 ; *Piquet* v. *Curtiss,* 1 Sumner, 480.)

*Clark & Carpentier*, for Respondent.

By the Court, SANDERSON, J.

The only question which we deem it necessary to notice in this case relates to the time when the Statute of Limitations begins to run against an instrument in use among bankers, called a certificate of deposit. On the part of appellant it is claimed that a demand and refusal to pay is necessary in order to put the statute in motion, for the reason, as alleged, that until there has been a demand and refusal, there is no breach of the contract on the part of the banker, and consequently, until then, no right of action has accrued to the depositor.

It was held substantially in *Welton* v. *Adams & Company*, 4 Cal. 37, that a banker's certificate contained all the essential and distinctive elements of a promissory note. Mr. Justice Heydenfeldt, delivering the opinion of the Court, said : " The common use of this kind of security is of recent origin, and they have, therefore, not been made the subject of judicial decision, as far as I can discover. An examination into their specific character shows that, although differing in form from a promissory note, yet they have all its important incidents. Each contains a promise by one person to pay another person absolutely and unconditionally a certain sum of money, at a time specified therein. The rules of law, in reference to all securities, ought to be applied according to the nature of the security, and not to be influenced by the name by which the paper is commonly known. I have, therefore, no longer any doubt that these certificates of deposit must be, so far as negotiability is concerned, placed upon the same footing as promissory notes."

*Miller* v. *Austin et al.*, 13 How. U. S. 218, was an action by an indorsee against an indorser of a banker's certificate of deposit, after demand and protest, as in case of a promissory note. The action was brought in Ohio, where, as in this State, it is provided by statute that all promissory notes drawn

for a sum certain, payable to any person or order, or to any person or his assigns, shall be negotiable by indorsement. Mr. Justice Catron, delivering the opinion of the Court, said: " The established doctrine is, that a promise to deliver, or to be accountable for, so much money, is a good bill or note. Here the sum is certain and the promise direct. Every reason exists why the indorser of this paper should be held responsible for his indorsee, that can prevail in cases where the paper indorsed is in the ordinary form of a promissory note; and as such note, the State Courts generally have treated certificates of deposit payable to order; and the principles adopted by the State Courts in coming to this conclusion are fully sustained by the writers of treatises on bills and notes."

In *The Bank of Peru* v. *Farnsworth*, 18 Ill. 563, and *Laughlin* v. *Marshall*, 19 Ill. 390, the Supreme Court of Illinois directly decided that the instruments under consideration were in fact and in law promissory notes for the payment of money.

To substantially the same effect are the following cases: *Carey* v. *McDougald*, 7 Ga. 84; *Kilgore* v. *Bulkley*, 14 Conn. 362; *Bank of Orleans* v. *Merrill*, 2 Hill, 295; *Johnson* v. *Barney & Co.*, 1 Iowa, 531.

Citing some of the foregoing cases, Mr. Parsons, in his work on notes and bills (Vol. 1, p. 26), says: " We think this instrument possesses all the requisites of a negotiable promissory note, and that seems to be the prevailing opinion."

With the foregoing views we fully concur. The differences between a certificate of deposit and a promissory note are merely formal. In substance and legal effect the two instruments are the same; and the former, notwithstanding its name and the phraseology in which the consideration is expressed, must be regarded and treated as a promissory note payable on demand.

Such being the character of the instrument, the question as to when the Statute of Limitations begins to run is not debatable. It has been held invariably that the statute commences to run against a promissory note payable on demand from the date of the note, and that no special demand is necessary to put it

in motion; which follows, from the rule, that no demand before suit is required in order to give a right of action upon a demand note. (Angell on Limitations, Chap. XI.) This latter rule is illogical and undoubtedly obnoxious to the criticism of Mr. Chief Justice Bronson in *Downes* v. *The Phœnix Bank of Charleston*, 6 Hill, 299, where he said: "We are reminded that when the promise is to pay on demand, the bringing of the action is a sufficient demand? If that were a new question, I think the Courts would not again fall into the absurdity of admitting that there must be a demand, and still holding that a suit may be commenced without any prior request. They would either say that no demand was necessary, or else that it was a condition precedent to the right of action. It is an anomaly in the law that the breach of the defendants' contract should be made out by the very fact of suing him upon it." But such is the rule, and the power to change it has long since passed from the Courts. If a change is demanded it must be sought elsewhere.

Judgment affirmed.