CATHARINE C. RUCKER, Admx. etc.

*v.*

NANCY O. REDMON.

67    187
f99a  ¹405

1. ADMINISTRATOR—*liability for loss through neglect of duty.* Where an administratrix of an estate deposited a large sum of collections in a bank, where she suffered it to remain for a long time, and neglected to make her yearly report to the county court and obtain an order to pay out such money, until after such bank became insolvent, and the same was lost: *Held*, that notwithstanding the credit of the bank was good at the time of the deposit, she was liable to account for the sum so lost, on account of her neglect of duty to make yearly reports and pay out the money on the order of the court, before the failure of the bank.

2. In such case the fact of the pendency of a suit in chancery in another county to settle her right to participate in the distribution of the estate, according to the terms of a marriage settlement, and to restrain her from receiving more than a child's share of the estate, there being no injunction issued in fact, was *held* not to relieve her from the consequences of such neglect of duty.

APPEAL from the Circuit Court of Cass county; the Hon. CHARLES TURNER, Judge, presiding.

Mr. HENRY E. DUMMER, and Mr. G. POLLARD, for the appellant.

Messrs. MORRISON & EPLER, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

It appears, that on the 30th day of September, 1868, Catharine C. Rucker was appointed administratrix of her deceased husband, John Rucker, by the county court of Cass county; that on the 16th of May, 1871, she made a report, as administratrix, to the county court, of her acts as such, touching the administration of the estate, for approval; but, on a hearing in that court, the case was appealed to the circuit court of Cass county, and a trial had, when the court disallowed $8094.63, claimed as a credit, and the court ordered the payment of the same; and from that judgment this appeal. is prosecuted, and the rendition of the order is assigned for error.

The evidence shows that her two sons were her sureties on her administration bond; that James C. Leonard was a banker in the city of Beardstown, and E. B. Leonard, the other son, acted as her agent in collecting money due the estate, and generally in winding up its affairs. It also appears that moneys were collected belonging to the estate, and deposited in the bank of James C. Leonard & Co., between the 11th of September, 1868, and the 10th of June, 1870, the sum of $8094.62, which, with interest, $925.60, made the aggregate of $9581, from which sum she had drawn out $1486.38, which being deducted, leaves the item of the account which the circuit judge rejected.

It appears that the administratrix failed at the first term of the county court after the first and second years, to report or file an account current as required by the statute. It also appears that the bank, on the 17th of October, 1870, failed, and James C. Leonard went into bankruptcy and was discharged from the payment of his debts, and that the claim for this money was filed against the bankrupt estate.

There were a large number of witnesses introduced and examined, to prove that the bank had a good reputation and was considered a safe place of deposit, and that negligence is not imputable to the administratrix in selecting it as a depository of the money of the estate. In the view we take of the case, we deem it unnecessary to consider that question—the vital issue in the case being, whether or not she was guilty of such a violation of duty in failing to observe the requirements of the law in not reporting and filing an account current for settlement of the same, as rendered her and her sureties liable.

The 123d section of the Statute of Wills has made it the duty of the executor or administrator to make such report and settlement of his accounts at the first term of the county court which shall occur after the expiration of one year after grant of letters, and every twelve months thereafter. The next section requires the court, on the filing of such account, to make an order for the payment of the money in the hands of the administrator on claims allowed against the estate; and the 126th section provides for the punishment of the executor or administrator of any estate who shall fail or refuse to pay any money or dividends to any person entitled thereto in pursuance of any order of the court of probate lawfully made. The next section requires the court, when it shall appear that there are sufficient assets to satisfy all demands against the estate, to order the payment of legacies mentioned in the will.

Under these sections the practice has obtained for the probate court, when the debts are all paid, to order the money reported as on hand, to be distributed amongst persons entitled to share in the estate; and had the report been made in this case, as the statute requires, the court would have ordered it to be paid to creditors as far as required, and the balance to the heirs of the deceased. Had this been done, and the law been observed by the probate court, as it must be presumed it would have been, this loss could not have occurred.

It is perfectly apparent that this loss was owing to the failure of the administratrix to comply with the positive requirement of the statute. The loss was the direct consequence of the failure to perform a plain duty imposed by the statute.

It is, however, sought to avoid the effect of this dereliction of duty, by showing that a bill had been filed in the Morgan circuit court to settle the right of the administratrix to participate in the distribution of the estate under the statute, and insisting that her share in the estate should be governed by a marriage settlement. That bill prayed that she might be restrained from taking or receiving more than a child's share of the estate. No writ of injunction was granted or sued out of that court. This bill did not ask to restrain appellant from filing her account current, nor would such an injunction have been granted, even had it been sought; nor did the bill ask that she should be restrained from paying over any or all of the money she claimed as her share of the estate. This bill, then, could have had no effect to prevent her from rendering her account current, or the probate court from ordering a distribution of the same to the heirs.

It is again contended, that Epler, the attorney who filed the bill, notified E. B. Leonard that an injunction would be sued out if appellant attempted to settle the estate; and there is some evidence in the record that he had so stated; but he denies all recollection of giving any such notice, and we think the witnesses must have misapprehended the purport of what was said, as the bill does not ask an injunction to restrain a settlement or a payment to each heir of his share of the fund. Again, he denies that he was the attorney of the heirs when the county judge and E. B. Leonard attribute to him the notice of which they speak, as occurring in the autumn of 1868, or the spring of 1869. If he was not then their attorney, anything he might have said could, in nowise, affect their rights. And as to the subsequent notice, to which E. B. Leonard swears, we have seen that he must have been mistaken, as Epler could not reasonably have given notice that

an injunction would issue for more than was prayed for in the bill, and that was to restrain her from receiving more than a child's part.

Upon the record we regard the order as strictly in accordance with the law; but when appellant comes to pay the money into the probate court, she will, of course, be allowed to retain of the fund any sum she may, on an adjustment of all of her accounts as administratrix, be entitled to, as the widow of deceased, as well as any just credits she may be entitled to deduct.

Perceiving no error in the record, the judgment of the court below must be affirmed.

*Judgment affirmed.*