## Case No. 1,079.

BARTLETT et al. v. ROGERS et al.

[3 Sawy. 62.] [1]

Circuit Court, D. California.  June 8, 1874.

WILLS — FOREIGN PROBATE — OBJECTION—WHEN TAKEN — LIMITATION — NOTE PAYABLE ON DEMAND—ACCORD AND SATISFACTION.

1. The probate of a will and issue of letters testamentary in the state of New York, do not authorize the executors to maintain actions for the collection of assets of the estate of the deceased in the state of California.

2. The objection may be taken at the hearing, where it does not appear on the face of the complaint where letters are issued, and issue has been joined on the allegation of the com-

plaint that letters testamentary have been duly issued to the plaintiffs.

3. A note payable on demand, whether with or without interest, is immediately due. An action may be maintained upon such a note without previous demand, and the statute of limitations begins to run from its date.

4. But if there be any exception in the case of a note bearing interest, a note which does not in terms call for interest, is not within the exception.

5. Where a debtor transfers specific property to trustees for the use of his creditors, under a mutual agreement signed by the creditors, whereby they accept the property in full satisfaction and discharge of their several demands, there is a valid accord and satisfaction.

6. Such accord and satisfaction held good as against the indorsee of a promissory note payable on demand, given by the debtor to one of the parties to said agreement, who held no other demand against the debtor, where it did not appear that the transfer of said note was made before the date of said accord and satisfaction.

[At law. Action by Robert S. Bartlett and another, as executors, etc., of Bartlett, against Henry S. Rogers and others, upon a promissory note. Judgment for defendants.]

Earl Bartlett, for plaintiffs.
Campbell, Fox & Campbell, for defendants.

SAWYER, Circuit Judge. The will of Bartlett was admitted to probate, and letters testamentary thereunder issued to plaintiffs by the surrogate's court in the county of Broome, state of New York. The will has never been admitted to probate, nor have letters testamentary ever been issued to plaintiffs in the state of California. It is well settled that the probate of a will and the issue of letters testamentary in one state, do not authorize the executors so appointed to maintain an action as such in another state. Doolittle v. Lewis, 7 Johns. Ch. 46; Morrell v. Dickey, 1 Johns. Ch. 156; Williams v. Storrs, 6 Johns. Ch. 353; Brown v. Brown, 1 Barb. Ch. 195; Vroom v. Van Horne, 10 Paige, 549; Mellus v. Thompson, [Case No. 9,405;] Caldwell v. Harding, [Id. 2,301;] Kerr v. Moon, 9 Wheat. [22 U. S.] 566; Armstrong v. Lear, 12 Wheat. [25 U. S.] 169; Vaughan v. Northup, 15 Pet. [40 U. S.] 1. It is claimed, however, that the objection ought to have been raised by demurrer, and if not so taken, should have been set up specially in the answer, and the objection not having been so taken, it is waived. But it does not appear on the face of the complaint that the will was proved, and the letters issued by a foreign court, or that there had been no probate of the will in the courts of California. The objection seems to go rather to the title of the plaintiffs to the debt sued on, than to their capacity to sue. Kerr v. Moon, 9 Wheat. [22 U. S.] 572. But however that may be, the complaint is either wholly bad, as not stating facts sufficient to constitute a cause of action in their favor, or else the allegation "that said will was duly probated and letters testamentary duly issued to said plaintiffs upon said estate of

[1] [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]
2 FED.CAS.—62

said Bartlett," is a sufficient allegation that the letters were issued by the proper court to enable the plaintiffs to maintain their action, in the absence of an objection by special demurrer specifically pointing out the defect. In the former case, the objection may be taken at any time under section 434 of the California Code of Procedure. In the latter, issue is taken upon the allegation itself in the answer, and on that issue it is necessary for plaintiffs to show that they were duly appointed by a court competent to confer authority to maintain the action. In Armstrong v. Lear, 12 Wheat. [25 U. S.] 169, the authenticity of the will was admitted, and the question of its effect submitted apparently without objection, yet the court refused to permit the action to be maintained. So in Doolittle v. Lewis, 7 Johns. Ch. 50, the court recognize the propriety of taking the objection "at the hearing," and in Kerr v. Moon, 9 Wheat. [22 U. S.] 566, the objection was taken for the first time at the argument on appeal, although the defect appeared on the face of the bill, and it was argued by the respondent that the objection came too late. But the supreme court held otherwise, and reversed the decree. Id. 570–572. I think this point well taken by objection made to the introduction of the record when offered in evidence, under the issue raised by the answer.

The objection that the action is barred by the statute of limitations is clearly fatal.

The due bill sued on was executed more than twelve years before the death of Tompkins; and Tompkins had been in the state continuously, twelve years after its execution, and before his death.

The statute of California provides that all actions founded upon written instruments shall be barred in four years, and on those executed out of the state in two years. That a note or bill payable on demand, whether with or without interest, is due immediately; that an action may be brought on it as soon as it is made, without previous demand; and that the statute of limitations begins to run from its date, is the law of the state of New York, where the instrument in question was made, as settled by its highest courts there can be no doubt. Wheeler v. Warner, 47 N. Y. 520; Herrick v. Woolverton, 41 N. Y. 581; Howland v. Edmonds, 24 N. Y. 308. The law as settled in California is the same. Brummagim v. Tallant, 29 Cal. 506; Bell v. Sackett, 38 Cal. 409; Ziel v. Dukes, 12 Cal. 482. The statute begins to run as soon as the action accrues. If, then, an action can be maintained upon a note payable on demand, as soon as made, without a previous demand, the right of action must necessarily have accrued at that time, and the statute commences to run at the same point of time. But the note in suit does not purport by its terms to bear interest, and is, therefore, not on its face within the exception relied on, if any such there were. The claim is therefore

barred, and the executors were forbidden by the statute to allow it. Code Civ. Proc. § 1499.

I also think the accord and satisfaction shown, is a good defense to the action. Certain property was delivered to trustees in satisfaction of the debts due the various creditors of Tompkins, upon a mutual written agreement among the creditors to receive the property as such and discharge Tompkins. Among the creditors executing the agreement was Denton, the payee of the due bill sued on. Plaintiff's theory, however, is, that the money on the instrument in suit was not due till actual demand was made, and that Denton could not make an agreement for accord and satisfaction, so as to find a holder who received it before due, without notice. But, as we have seen, the instrument was due immediately on its execution, and it does not appear when it came to the possession of Bartlett. It is only alleged that it came to the possession of Bartlett during his lifetime, and this may have been more than ten years after it became due. There was no other debt due from Tompkins to Denton, and there is nothing to show, either in the averments of the complaint, or in the evidence, that Bartlett received the note before the accord and satisfaction.

If I am right upon either of the points discussed, there must be judgment for the defendants, and I think them entitled to judgment on all.

Let judgment be entered for defendants with costs.