## George W. Caruthers, Adm'r, etc., v. Walter. L. Caruthers et al.

1. ADMINISTRATION OF ESTATES—*Duties of an Administrator.*—The law imposes upon an administrator the exercise of reasonable diligence in collecting claims due the estate he represents, and the duty of reporting the money as collected to the court, so that it may be applied in discharge of the demands of creditors and distributees.

2. ADMINISTRATORS—*No Authority to Loan the Money of the Estate— Devastavit.*—An administrator has no authority, without an order of court, to loan the money of the estate he represents, and if he does so, he will be accountable to the heirs for any loss in consequence. Such a loaning amounts, in law, to a *devastavit*.

3. SAME — *Depositing in Insolvent Banks — Evidence of Loaning Money of the Estate.*—Where an administrator deposits the funds of the estate he represents in a bank, and receives a certificate payable to his order at a specified time after its date, with interest, such a deposit is evidence of a loan, by him, of such funds, and if the bank subsequently

becomes insolvent, he will be responsible for any loss resulting therefrom.

4. SAME—*When Not Responsible for Bank Failures.*—Where an administrator acting in good faith makes a deposit in a bank of funds belonging to the estate he represents, from necessity or convenience, for a reasonable time, awaiting an order for distribution, a failure of the bank should not cast the loss of the deposit upon him.

**Administration of Estates.**—Appeal from the Circuit Court of Morgan County; the Hon. ROBERT B. SHIRLEY, Judge, presiding. Heard in this court at the May term, 1901. Affirmed. Opinion filed December 10, 1901.

SMITH & HAIRGROVE, attorneys for appellant.

ETTER & HAMILTON, attorneys for appellees.

MR. PRESIDING JUSTICE HARKER delivered the opinion of the court.

Appellant, as administrator of the estate of Elizabeth J. Caruthers, received an interest-bearing certificate of deposit of the Bank of Waverly, at Waverly, Illinois, which had been issued to the deceased in her lifetime, for $2,780. When the certificate matured, appellant, as administrator, collected $280 and the accrued interest, surrendered it to the bank and received another interest-bearing certificate for $2,500. When the last mentioned certificate matured, appellant collected the interest and received in its stead a third certificate for $2,500, bearing interest and dated April 26, 1898. On August 11, 1898, the bank failed and ceased to do business, and the last named certificate has remained unpaid. To a report of appellant rendered to the County Court, in which he sought to have the estate and not himself, charged with the loss of the certificate, appellees filed exceptions insisting that he should account for the $2,500 and that it should be distributed to them as heirs. From an order of the County Court sustaining the exceptions, an appeal was prosecuted to the Circuit Court, where judgment was rendered, finding that the deposit of $2,500 evidenced by the last named certificate, amounted to a *devastavit* by appellant, and ordering him to account for the same as cash, etc.

It is contended by appellant that he merely allowed the $2,500 in question to remain in the bank as deposited, at the time he took upon himself the administration of the estate, and that because it was considered that the bank was a reasonably safe place to deposit money up to the time it closed its doors, he should not be held liable for the loss.

There is nothing contained in the stipulation of facts or record to show that appellant did not have ample time and opportunity to collect the money and report it to the court before the bank failed. There is nothing to show that he ever made any effort to collect any more than the interest and $280 before the bank ceased to do business. Upon the contrary, he elected to surrender the certificate which was issued to his intestate and re-invest $2,500 of it without the sanction or knowledge of the court in which the estate was being administered. The law imposes upon an administrator the exercise of all reasonable diligence in collecting claims due the estate, and money thus collected should be reported to the court, so that it may be applied in discharge of demands of creditors and distributees. Under the law he has no authority to loan the money; and if he does so, he must be held accountable to the heirs for any loss in consequence of such loaning. Such loaning amounts to a *devastavit.* Wadsworth v. Connell et al., 104 Ill. 369. A bank certificate of deposit, payable to the order of the depositor at a specified time after its date, with interest at a specified rate for the time, is evidence of a loan the same in law and in fact as a promissory note. Peru v. Farnsworth, 18 Ill. 563; Telford v. Patton, 144 Ill. 611.

Of course, where an administrator, acting in good faith, makes a bank deposit of estate money from necessity or convenience, for a reasonable time, awaiting an order of the court for distribution, a failure of the bank should not cast the loss of the money upon him. We do not look upon this transaction in that light, however. We regard it in the nature of an investment of the funds of the estate, and

being unauthorized, appellant became liable for the loss. Our views are supported by the case of Catherine C. Rucker, Adm'x, etc., v. Nancy O. Redmon, 67 Ill. 187. Order of the Circuit Court affirmed.