JULY 1828.

## Cook v. Cockrill.

In an action by an endorsee against his immediate endorser, the defendant may prove that the consideration given for the endorsement was less than the amount of the note, and the true consideration is the proper measure of damages.

This was a writ of error from the Circuit Court of Lawrence county, sued out by Cook to reverse a judgement rendered against him at September term, 1824, in favor of Cockrill, for $621 50, as endorser on a note for $500. The action was assumpsit, and at the trial, the defendant Cook, among other matters, offered to prove that the note was originally endorsed only in part, that is, for $343 25, and that afterwards this partial assignment was erased, and a general assignment was made on it for the purpose only of giving a right of action to the endorsee, but that his interest was only to the extent of $343 25, and that there was no consideration given for any more of the note. This evidence was rejected; a recovery was had for the full amount, and this is assigned as error.

P. W. Taylor, for the plaintiff in error.

Martin, for the defendant.

## By JUDGE PERRY.

It appears to us to be very clear that the evidence offered should have been received, for it is a well settled principle that where the consideration passing between the endorsee and his endorser is not equal to the amount of the note, the endorsee in an action against the endorser can only recover the consideration which he has already paid; which makes the amount of damages which the endorsee is entitled to recover, as fixed by the liability of the parties to the instrument. It is expressly laid down, that the endorser will be allowed, when sued by his immediate endorsee, to shew what was the real consideration passing between them. If this suit was by the endorsee against the maker of the note, it would not be a defence to the action or lessen the damages for him to say the plaintiff purchased it at a discount, but as the defendant was the immediate endorser to the plaintiff, the proof offered that the note was endorsed to the plaintiff for a

less sum than the note called for upon its face, should have been admitted, to ascertain the damages the plaintiff had sustained in consequence of the nonpayment of the note by the maker. [a]

Reversed and remanded.

JUDGE GAYLE not sitting.