The judgment is affirmed.

---

## BEAN *v.* BRIGGS & FELTHOUSER.

An instrument in the form following: "Certificate. Illinois Phœnix Bank, Chicago, Sept. 22, 1854. Briggs & Felthouser have deposited in this bank $462.50 to the order of themselves, payable two months after date, payable to their order, on return of this certificate, at interest at six per cent. $426.50. M. Roe & Co., Cashier," is a negotiable instrument. And where the payees of such an instrument, transfer the same by blank indorsement, they are liable on the indorsement.

A blank indorsement creates the same liability from the indorser to the indorsee, as if it was full, giving the holder full power to demand payment, or to make it payable at his pleasure, to himself, or to any other person, on his order.

*Appeal from the Dubuque District Court.*

This suit was brought on the following instrument:
" *Certificate. Illinois Phœnix Bank.*
" Chicago, Sept. 22, 1854.

"Briggs and Felthouser have deposited in this bank four hundred and sixty-two 50-100 dollars, to the order of themselves, payable two months after date, payable to their order, on return of this certificate, at interest at six per cent. $462.50-100.                    M. Roe & Co., *Cashier.*" which was indorsed by the said Briggs & Felthouser in blank. The plaintiff in his petition, alleges the deposit and the receipt of the said certificate by the defendants, and that

before it came due, it was, for value received, transferred and assigned to him by said defendants, by a blank indorsement; that at maturity, it was presented for payment at the said Phœnix Bank; that payment was refused, and the same was protested, of which refusal and protest the defendants were duly notified; and that they have refused and neglected to pay the same.   To this petition, there was a demurrer, alleging the following causes: 1st. That the instrument is not negotiable, and the defendants by indorsing the same, incurred no liability; 2d. That the petition alleges a mere indorsement of the instrument in blank, but does not claim a guaranty by defendants; 3d. That the instrument declared upon, does not establish a liability against defendants.   This demurrer was sustained, and the suit dismissed.   From this judgment the plaintiff appeals.   .

*Willtse & Blatchly*, for the appellants.

*Ben. M. Samuels*, for the appellee.

WRIGHT, C. J.—Two questions are presented for our consideration: *First.* Is this instrument negotiable?   *Second.* Are defendants liable on their blank indorsement?   And both these questions must be answered in the affirmative.

We are aware that the authorities are conflicting as to the negotiable character of such instruments.   In the case of *Patterson* v. *Poindexter*, 6 Watts & Sergeant, 227, it was decided that an instrument very similar in its phraseology to the one under consideration, was not negotiable.   In *Kilgore* v. *Bulkley*, 14 Conn. 363, the instrument declared upon, was in the following form:

"$10,608.75.                CHELSEA BANK, July 6, 1839.
"I do hereby certify that David E. Wheeler, Robert S. Taylor, and Noah Bulkley, have deposited in this bank, the sum of $10,608.75, payable on the first day of December next, to their order, and on the return of this certificate.
                        "D. E. WHEELER, *President.*"

And this was held to be a bill of exchange, imposing on the parties the ordinary liabilities attached to that kind of paper.

In *Bank of Orleans* v. *Merrill, Priest & Co.*, 2 Hill, 295, a certificate of deposit made by an association, payable to the order of a particular person, at a specified time, with interest, was held to be, in effect, a negotiable promissory note. In determining between the conflicting authorities, in the language of the note in 1 Amer. Lead. Cases, 314, the test perhaps consists in the inquiry, whether the transaction is a deposit, or an immediate debt, and engagement to pay. Applying this test, what is there in this instrument, to make it a mere deposit, in the nature of a bailment. We can see nothing. But, on the other hand, it has all the requisites of a negotiable promissory note. It is conceded to have words of negotiability, in being made payable "to the order of themselves," and "to their order." Story on Pr. Notes, § 3. Then, again, it is a written instrument, for the payment of a fixed amount in money absolutely, and subject to no contingency, at a certain time, and it is conclusively certain who is to pay and be paid. These requisites make a good promissory note, provided there is also what amounts, in legal effect, to a promise to pay. Story on Pr. Notes, § 11, *et seq.* For this purpose, no particular form of words is necessary, nor need there be a promise in express language ; but it is sufficient, if an undertaking to pay is implied on the face of the note. 1 Amer. Lead. Cases, 312. And so, an order or promise to deliver a certain sum of money to A., or to be accountable or responsible to A. for a certain sum of money, or that A. shall receive it from the maker, is a good promissory note. Story on Pr. Notes, § 12.

The usual express words, "I promise to pay," &c., it is true, are not contained in this instrument, but an undertaking to pay, is clearly implied, as contradistinguished from a mere acknowledgment of a deposit, in the nature of a bailment. That the sum is stipulated to draw interest, almost necessarily excludes the conclusion, that it was a bailment or simple deposit. Then, as to the promise, aside from the whole tenor of the instrument, we have the word " pay-

able " used in two connections, relating to the time of payment, as also to whose order the money was to be paid.   It is not said that this money is *returnable*, which might imply an acknowledgment of a deposit or indebtment ; but that a certain sum is *payable*.   So, also, the use of the negotiable words "to their order," or " order," may well have effect in determining the character of the undertaking or engagement, and assist us in concluding . that this was a promissory note in legal effect.   And, again, compare this instrument with the following, which have been held to be promissory notes : " Due K. & K. $325, payable on demand, October 20, 1821." 10 Wend. 674.   "Due J. J. F. $200, borrowed, October 21, 1836."   2 Humph. 143.   " Good to R. C. or order, for $30, borrowed money."   6 New H. 364.   And see *Fleming* v. *Burge*, 6 Ala. 373 ; *Hanon* v. *Dryan*, 6 Dana, 341.

We conclude, therefore, that the rule recognized in the case in 14 Conn. 363, and like authorities, is the safer and better one ; and that thereunder, defendants are liable on this instrument in this action ; to say nothing of their liability as immediate indorsers, if it was not negotiable.

On the second point, in view of the above, we need hardly say, that the blank indorsement creates the same liability from the indorser to the indorsee, as if it was full ; giving the holder full power to demand payment, or to make it payable at his pleasure, to himself or to any other person, on his order.   This is well settled, upon principle and authority.   Story on Pr. Notes, § 138.

Judgment reversed.