## COYE *v.* PALMER *et al.*

A CERTIFICATE of deposit for $1,800, payable to the order of V., was indorsed, sold and delivered by V. to L. for four hundred dollars. Payment was then at once demanded of the maker, and notice of protest served on V. Subsequently L. transferred the certificate to plaintiff: *Held*, that plaintiff can recover of V. only the four hundred dollars received by him, the certificate being subject, in the hands of plaintiff, to all the equities between the indorser and indorsee.

Where the consideration passing between the indorsee and his indorser is not equal to the amount of the paper; the indorsee, in an action against the indorser, can recover only the consideration he has actually paid.

APPEAL from the Twelfth District.

The certificate, dated November 9th, 1857, was the usual one, pay-

Coye v. Palmer.

able to the order of Vallejo, defendant, on its return duly indorsed. Vallejo indorsed and sold it to Logan on the fourth day of January, 1858, and on the fifth it was duly protested, and notice given to the indorsee.    Subsequently, Logan sold the certificate to plaintiff for $1,000.

The Court below gave judgment against each of the defendants for the full amount, $1,800.    Vallejo appeals.

*B. S. Brooks,* for Appellant, cited 7 Johns. 361; 2 Blackf. 243; 1 Stew. 475; 1 Miss. 431; 13 Johns. 32; 15 Id. 44; Chitty on Bills, 70; 10 Johns. 224; 1 Bai. 322; 7 Watts, 130; 1 Esp. 261; Chitty's Juris. 536; 2 Stark, C. N. P. 304; Chitty's Juris. 1009; 1 Saunders' Pl. & Ev. 498; 3 C. M. & K. 342; 1 H. Bl. 88; Sedg. Dam. 158, 238; 2 Stark. 166; 6 Wend. 290; 2 Caines, 248; 3 Id. 279.

*B. W. Brooks,* also for Appellant.

*D. W. Perley,* for Respondent.

COPE, J. delivered the opinion of the Court—BALDWIN, J. concurring.

This is an action to recover of the maker and indorser the amount of a certificate of deposit for $1,800.    The certificate was indorsed by the payee, who sold and transferred the same to one Logan, for the consideration of four hundred dollars.    Immediately after this sale, payment was demanded of the maker, and a notice of protest served upon the indorser.    Subsequently to this, Logan transferred the certificate to the plaintiff.    The question is, whether, under these circumstances, the indorser is liable for the full amount of the certificate.

The plaintiff holds the certificate subject to all the equities existing between the indorser and Logan.    He took it after maturity, and after it had been protested for non-payment, and must be deemed to have taken it with full knowledge of these equities.    Any defense which the indorser could avail himself of as against Logan, he is entitled to as against the plaintiff.    As between him and Logan, the certificate can only be regarded as having been negotiated in the course of trade to the amount paid as a consideration for the transfer, and his liability as indorser is limited to that amount.

There is no principle of law better settled than that a person who purchases negotiable paper after it has been dishonored or is overdue,

takes it subject to all the equities which properly attach thereto between the antecedent parties. (See Story on Promissory Notes, sec. 190.) It is also settled by a uniform current of authorities, that where the consideration passing between the indorsee and his indorser is not equal to the amount of the paper, the indorsee, in an action against the indorser, can only recover the consideration which he has actually paid. (*Cook* v. *Cockrill*, 1 Stew. 475; *Brown* v. *Moot*, 7 John. 860; *Braman* v. *Hess*, 13 Id. 52; *Munn* v. *The President, etc., of the Commission Company*, 15 Id. 43; *Youse* v. *McCreary*, 2 Blackf. 243.) Many other cases are cited in the brief of appellant's counsel, and we have been unable to find a single authority which establishes a different doctrine.

It follows that the judgment of the Court below must be reversed, and the cause remanded for a new trial.

Ordered accordingly.

On rehearing, the Court, per the same Justices, adhered to its first opinion, for the reasons there given.