MCCARTNEY v. ADMINISTRATORS OF SMALLEY.

1. NOTE PAYABLE IN PROPERTY: DAYS OF GRACE. A promissory note payable in property is not negotiable in the sense of the law merchant, and the maker is not under the laws of this State entitled to three days grace.

*Appeal from Madison District Court.*

SATURDAY, OCTOBER 6.

THE note sued on was assigned to plaintiff before due and is as follows :

$1000. On or before the 20th day of September A. D. 1858, for value received, I promise to pay to F. R. Smalley or bearer, one thousand dollars in lumber at the market value, to be delivered at the saw mill heretofore known as Game & Smalley's Mill. September 1st 1856.

WM F. TROUTMAN.

On the trial it appeared that the note was presented for

---

payment to the maker on the 20th day of September 1858, and notice of non-payment duly given to the administrators of the indorser on the same day.   Upon this proof, the court held that the instrument was negotiable; that three days of grace should have been allowed thereon, that the present-ment, demand and notice being before the last day of grace, did not bind the indorser and that he was released, to all which plaintiff excepted and appeals.

*Leonard & Mott*, for the appellant.

*H. J. B. Cummings* for the appellees.

WRIGHT, J.—This was not a negotiable note in such a sense that according to the law merchant, the maker was entitled to three days of grace.   It was not thus negotiable certainly at common law, and in this respect our Code has made no change.   The act of 1853, (Section 3, ch. 108, p. 188,) applies to notes and bills as defined and understood in the commercial law, and not to notes payable in property or anything else than money, and which last instruments are by our law assignable and may be negotiable according to their tenor and effect.   If payable in any thing else than money they have all the incidents of negotiability, where such was the manifest intent of the maker, but the use of the word " order" or " bearer" will not alone manifest such intention.   Code section 947, 949 and 950.   And see 3 G. Greene 334; 1 Iowa, 490; 7 Ib. 145 , *Peddecord & Wyman* v. *Whitham* 9 Iowa 471; *Billingham* v. *Bryan* 10 317 Iowa; *Luckey* v. *Pepper*, Mor. 490 ; such intent is not manifest from the instrument sued on in this case.

Judgment reversed.