## Samuel A. Tripp and another v. Frederick W. Curtenius and others.

*Certificates of deposit: Promissory notes: Payable on demand.*   A certificate of deposit, payable on the return thereof properly endorsed, is in legal effect a promissory note, payable on demand; and the principles applicable to such notes should be applied to these certificates.

TRIPP v. CURTENIUS.

*Certificates of deposit: Certified checks: Lapse of time: Past due.* · The argument that a certificate of deposit and a certified check are in legal sense the same thing, are governed by the same rules, and that no mere lapse of time will render such check or certificate past due or dishonored, is held not well founded.

*Certificates of deposit: Demand paper: Bank bills.* Certificates of deposit are not intended for long circulation, or for more than a temporary convenience, and to hold that any ostensibly demand paper could be circulated or used as bank bills, would be contrary to the general policy of our banking laws.

*Statute of limitations: Demand paper: Bona fide purchaser: Past due.* Upon all demand paper not excepted by the statute (*Comp. L., 1871, § 7151*) from the provisions of the statute of limitations, the time runs from the beginning, without any special demand, and no one can become a *bona fide* purchaser who does not take it within some reasonably short period; to hold otherwise would enable banks to issue certificates of deposit, of any denomination, for circulation as ordinary bank bills, and with like effect.

*Certificates of deposit: Promissory notes: Demand paper.* These certificates being in legal effect promissory notes payable on demand, to refuse to apply the principles governing such notes, either because of the peculiar form of the instrument, or because issued by a firm engaged in the business of banking, would be to create a distinction unsound in principle and not warranted by any reason or necessity.

*Heard April 18.    Decided June 6.*

Error to Kalamazoo Circuit.

*Severens, Boudeman & Turner,* for plaintiffs in error.

The instrument sued upon contains all the elements of a promissory note and is in legal effect a promissory note payable on demand. It would be overdue after the lapse of a reasonable time; and any person taking it after such reasonable time had elapsed would take it the same as any other overdue paper, subject to the equities between the parties; and the payments and set-offs of defendants should have been allowed. And they cited: *2 Daniels on Neg. Inst., 601; Poorman v. Mills, 4 Cal., 354; Brummagim v. Tallant, 29 Id., 506; Coye v. Palmer, 29 Id., 159; Wilton v. Adams, 39 Id., 37; Howe v. Haskness, 11 Ohio St., 449; Bank of Peru v. Farnsworth, 18 Ill., 563; Carey v. McDonald, 7 Ga., 84; Cate v. Patterson, 25 Mich., 191; Miller v. McClelland, 13 How. Pr., 218; Levett v. Palmer, 3 N. Y., 357; Curtis v. Levett, 15 N. Y., 263; Bank of Orleans v. Merrill, 2 Hill, 295; Palmer v. Adams, 17 Barb., 386; Kilgore v. Buckley, 14 Conn., 362; Losee v. Dunkin, 7 Johns., 69; Furman v. Haskins, 2 Caines, 369; Loomis v. Pulver, 9 Johns., 244; Sice v. Cunningham, 1 Cow., 397; Bank of Utica v. Smeades, 3 Id., 662; Herrick v. Woolveston, 41 N. Y., 581; Morey v. Wakefield, 41 Vt., 24; Nevins v. Townsend, 6 Conn., 5; Parker v. Tuttle, 44 Me., 459; Sylvester v. Crapo, 15 Pick., 92; Carlton v.*

*Bailey*, 27 *N. H.*, 230; *Camp v. Clark*, 14 *Vt.*, 387; *Carll v. Brown*, 2 *Mich.*, 401.

*Arthur Brown*, for defendants in error.

Defendants after issuing such a certificate are estopped to deny its truth; they cannot contradict their written contract that the amount of money was deposited thus certified by them: *First National Bank, etc., v. Leach*, 52 *N. J.*, 350. Such certificate when issued becomes like a bank bill, the representative of so much money, and circulates from hand to hand in a like manner. Like bills of issue they are promissory notes for the purpose of bringing suit upon them: *Cate v. Patterson*, 25 *Mich.*, 191. But it does not necessarily follow that they are subject to the same rules as to demand and as to the time when they fall due. It may well be that as between private individuals a promissory note payable on demand should be presented promptly, and yet if money is deposited in a bank no inference of dishonor can be drawn from the fact that it is left there a long time. It is the business of the institution to keep money on deposit, and the holder would not be likely to present it as quickly as between private persons. The certificate of deposit and the certified check are in legal sense the same thing and are governed by the same rules: *Merchant's Bank v. State Bank*, 10 *Wall.*, 648; 2 *Daniels on Bills & Notes*, 1603. No mere lapse of time will render such a check or certificate past due and dishonored: *Girard Bank v. Bank of Penn Township*, 39 *Penn. St.*, 92; *Willets v. Phœnix Bank* 2 *Duer*, 121; *F. & M. Bank v. B. & D. Bank*, 4 *Kern.*, 624; *Smith v. Miller*, 43 *N. Y.*, 176; *Meads v. Merch. Bank*, 25 *N. Y.*, 147; 1 *Parsons on N. & B.*, 273, and note.

Payment to the original payee before a note is due, cannot affect a subsequent holder: 1 *Parsons on N. & B.*, 280; 2 *Id.*, 230. A holder of a note payable on demand, without actual notice of demand, is a *bona fide* holder before maturity, and takes the paper free of all equities: 1 *Parsons on N. & B.*, 270; *Field v. Nickerson*, 13 *Mass.*, 131. No objection was made to defendants showing, if they could, that plaintiffs or those through whom they claimed were not *bona fide* holders, and witnesses were examined on that subject.

MARSTON, J:

Plaintiffs in error, as co-partners, engaged in the business of banking, on the 22d of October, 1873, issued a certificate, of which the following is a copy:

"Certificate of deposit. Not subject to check, and no interest."

"$800.           S. A. TRIPP & CO., BANKERS, }
             "*South Haven, Mich., Oct. 22, 1873.* }

"Daniel Howard has deposited in this bank eight hundred dollars, payable to the order of himself, in current funds, on the return of this certificate properly endorsed.

"No. 265.    $800.

                   "S. A. TRIPP & CO."

Howard endorsed this certificate and transferred it to B. H. Dyckman, who, being indebted to the defendants in error, bankers at Kalamazoo, delivered to them this certificate to apply upon his indebtedness, shortly prior to February 14, 1876. The certificate was presented for payment February 14th, 1876, and payment refused, and an action was commenced March 10th following to recover the amount thereof.

Upon the trial counsel for plaintiffs in error offered to prove that four hundred and sixty-two dollars and six cents had been paid upon this certificate at or about the time it was issued, leaving a balance which had afterwards been tendered to Dyckman while he held it, and since then paid into court. This evidence was objected to, principally upon the ground that the plaintiffs below were *bona fide* holders. The objection was sustained and judgment rendered for the whole amount of the certificate.

In *Cate v. Patterson, 25 Mich., 191,* it was held that a certificate of deposit, similar to the one issued in this case, contained all the elements necessary to constitute, and was in legal effect a promissory note, and such is the undoubted weight of authority, as will appear from the cases collected and cited in the brief for plaintiffs in error.

This being the case, it is difficult to see why the principles applicable to promissory notes, payable on demand, should not apply to this class of paper. It is but a promise to pay money on demand, without interest, which indicates an intention to leave it on deposit but for a short period. It is argued that a certificate of deposit and a certified

36 MICH.—63.

check are in legal sense the same thing, are governed by the same rules, and that no mere lapse of time will render such check or certificate past due or dishonored.

The authorities cited to sustain this view are *Willets v. Phœnix Bank*, 2 *Duer*, 121; *F. & M. Bank v. B. & D. Bank*, 4 *Kern.*, 624; *Smith v. Miller*, 43 *N. Y.*, 176; *Meads v. Merchants' Bank*, 25 *N. Y.*, 147; *Merchants' Bank v. State Bank*, 10 *Wall*, 648; and *Girard Bank v. Bank of Penn*, 39 *Penn. St.*, 92.

In these cases the court in discussing the legal qualities and effect of a certified check, likened it to a certificate of deposit, and held, that a check, when certified good by a bank, cannot be dishonored by lapse of time alone; that the bank, when it so certifies a check, at once charges the amount thereof up to the drawer on his account, and that funds are retained from that time by the bank to meet such check. Upon a very careful examination we were able to find but one case where the question came up directly upon a certificate of deposit. In the case of *The National Bank of Ft. Edward v. Washington Co. National Bank*, 5 *Hun*, 605, it was held that where a bank issues a certificate of deposit, payable on its return properly endorsed, it is liable thereon to a *bona fide* holder, to whom it was transferred seven years after its issue, notwithstanding a payment thereof to the original holder; that such a certificate was not dishonored until presented. The reasoning in this case is not very satisfactory, the court laying stress apparently upon the fact that the certificate is payable only upon its return, and also the fact that it was issued by a bank.

The first argument is equally applicable to a promissory note. Such paper is properly payable only upon presentation and return, and the mere fact that the instrument is issued by an individual, copartnership or corporation engaged in the banking business, cannot, in our opinion, or at least should not, make any difference. Certificates of deposit are not intended for long circulation, or for more than a temporary convenience, and as a substitute for a draft or a

certified check; and to hold that any ostensibly demand paper could be circulated and used as bank bills, would be contrary to the general policy of our banking laws.    Bank bills, notes, or other evidences of debt issued by any bank, are excepted from the provisions of our statute relating to the limitation of actions.—§ *7151, C. L.*   The notes here referred to are the circulating notes, in the similitude of bank notes, of the different denominations authorized to be issued under our general banking law, and would not include certificates of deposit,—*Comp. L.*, § *2192;* while the other evidences of debt has reference to the ordinary deposits which are like a running account, on which the time of limitation only begins when there is a special occasion for making a new departure.    But upon all demand paper not excepted by the statute, the time runs from the beginning, and no one can become a *bona fide* purchaser who does not take it within some reasonably short period. To hold otherwise, would enable banks to issue certificates of deposit, of any denomination, for circulation as ordinary bank bills, and with a like effect.

In *Brummagim v. Tallant, 29 Cal., 503,* it was held that the statute of limitations begins to run against a banker's certificate of deposit, payable on demand, from the date of the same, and that no special demand is necessary to put the statute in motion.    We think this is the safer and better doctrine, and is correct in principle.    To hold such instruments to be in legal effect promissory notes payable on demand, and yet not apply the principles applicable to demand promissory notes, either because of the peculiar form of the instrument, or because issued by a firm engaged in the business of banking, would be to create a distinction unsound in principle and one not warranted by any reason or necessity that we can discover.

The judgment must be reversed, with costs, and a new trial ordered.

The other Justices concurred.