| 20 | 325 |
| 34 | 79 |

JAMES BRITTON, PLAINTIFF IN ERROR, V. KATE BERRY, AS CONSERVATOR OF H. P. BERRY, INSANE, DEFEND-ANT IN ERROR.

1. **Depositions.** In a notice to take the deposition of witnesses therein named, "at the office of M. C. Little in the town of Tonica, county of LaSalle and State of Illinois, *Held*, "To contain a sufficient description of the place of taking such depositions *prima facie.*

2. ———: SUBSCRIBING WITNESS. Depositions with the names of the witnesses respectively attached thereto, with a cross between the christian and surname, and the word "his" written above and the word "mark" written below the cross, and followed by the words, "subscribed and sworn to before me and in my presence. M. C. Little, Notary Public," *Held*, To be a sufficient compliance with the statute requiring depositions to be "subscribed by the witness."

3. ———: CERTIFICATE. *Held*, Unnecessary that the certificate appended to a deposition should contain a statement that the deposition was read to the witness, even where the witness subscribes the deposition by mark.

4. **Negotiable Instruments:** PROMISSORY NOTE: INSANITY OF MAKER. The action being on a note sued by a transferee thereof, and the defense being that the note came to the hands of the transferee after maturity; that the maker of the note at the time of the alleged making thereof was insane, that the note was without consideration, and setting up two set-offs, either

of which was sufficient in amount to overbalance the amount of the note, and there being evidence on the part of the defendant tending to prove each of said counter-claims, *Held*, That the verdict for the defendant was sustained by the evidence.

ERROR to the district court for Dixon county. Tried below before CRAWFORD, J.

*W. E. Gantt*, for plaintiff in error, cited: Wade, Notice, Sec. 1,232. *Harris v. Hill*, 7 Ark., 452. *In re Christie*, 5 Paige, 242.

*J. J. McAllister*, for defendant in error.

COBB, J.

Action on a promissory note executed by A. P. Berry to the order of Jos. P. Berry. The petition sets out the making of the note by the said A. P. Berry. That before the commencement of the action the said note was duly assigned to the plaintiff for value. That no part of it had been paid, etc. That on or about the month of May, 1879, the said A. P. Berry was adjudged by the circuit court of the State of Illinois to be a person of unsound mind, and that on or about the month of September, 1879, the defendant, Kate Berry, was appointed by said court conservator of the person and estate of the said A. P. Berry, and that she accepted such appointment and is now such conservator. A copy of the note is attached to the petition as an exhibit.

The answer consists of a general denial. An allegation of the want of any consideration for making and delivering the said note. That the said note came into the hands of the plaintiff long after the same became due, and that the said A. P. Berry, at the time of making, executing, and delivering said note was of unsound mind, and thereby incapable of making or of understanding the same. The answer also contains an allegation of a conspiracy on

the part of the payee of the note, with other persons, to obtain possession of said note and use it for the purpose of attaching certain lands then lately conveyed by the said A. P. Berry. This allegation it is not deemed necessary to further notice.

The defendant also, in and by the said answer, sets up and pleads two several set-offs existing on the part of the said A. P. Berry against the payee of the said note, one of which counter-claims being for the breach and failure to keep and perform on the part of the said Jos. P. Berry of a certain contract in writing, set out in said answer, whereby the said Jos. P. Berry, in consideration of seven hundred and fifty dollars, agreed and contracted with the said A. P. Berry to give, assign, and set apart to him during the lifetime of said A. P. Berry the one-fifth part of all the crops to be raised on certain lands therein described in Wayne county, in this state. The other of said counter-claims being for horses and buggies by the said A. P. Berry sold and delivered to the said Jos. P. Berry, of the value of six hundred dollars.

There was a trial to a jury, which found for the defendant. There were also special findings: *First*, That A. P. Berry was not sane at the time of making and executing the note; and, *Second*, That James Britton purchased the note in suit before the maturity of the same.

A motion for a new trial having been overruled and judgment rendered for defendant, the cause is brought to this court on error by the plaintiff.

There are seven errors assigned, as follows:

1. The verdict is not sustained by sufficient evidence.

2. The verdict is contrary to law.

3. Errors of law occurring at the trial.

4. The court erred in giving instructions Nos. 2, 3, and 4, on its own motion.

5. The court erred in refusing to give instruction No. 9 asked for by plaintiff, and in giving it as modified by the court.

6.    The court erred in refusing to give instruction No. 1 asked by plaintiff.

7.    That under the special findings of the jury the judgment should have been for the plaintiff.

Plaintiff in the brief passes over the first and second assignments, and I will follow him to the consideration of the third.

The error here complained of is the overruling by the court of the motion of the plaintiff to suppress depositions taken on the part of the defendant. The points of objection to the depositions are, *First*, That the notice does not set out the street and number in the town in which the depositions were to be taken. *Second*, That the witnesses whose depositions were taken were illiterate persons, and their marks were in no manner witnessed or authenticated, and that the notary's certificate does not cure this defect by showing that they had been read to, or in any manner explained to them.

As to the first point, our statute, § 378 of the code, provides that " Prior to the taking of any deposition, unless taken under special commission, a written notice specifying the action or proceeding, the name of the court or tribunal in which it is to be used, and the time and place of taking the same, shall be served upon the adverse party," etc. The notice in the case at bar is " That on Thursday, the 20th day of March, A. D. 1884, the said defendant will take the depositions of * * * and * * * sundry witnesses, to be used as evidence on the trial of the above entitled cause, at the office of M. C. Little, in the town of Tonica, county of LaSalle, and state of Illinois, between the hours of nine A. M. and four P. M. of said day," etc. *Prima facie* the word town does not mean a city or a place of such numerous inhabitants as to render it necessary to locate the office of a notary public or magistrate therein by street or number. Indeed the houses in the average town are not numbered at all. There is no showing in

the record as to the size or number of inhabitants of the town of Tonica, or whether the houses there are known by number. In the absence of such showing it will be presumed that the office of the notary public named in the notice could be readily found by means of the information afforded by the use of the name of the notary as contained in the notice, and that that was the best description available to the defendant.

As to the other point, the statute, § 380 of the code, provides that "The deposition shall be written in the presence of the officer taking the same, either by the officer, the witness, or some disinterested person, and subscribed by the witness." The notary public before whom the depositions were taken certifies, among other things, that the depositions were respectively subscribed by the witnesses in his presence. It is true that upon an inspection of the paper it appears that they subscribed by mark, indicating that they were unable to write their names. In addition to the above the signatures of the witnesses are witnessed in each case by M. C. Little. That he adds the words notary public after his signature, probably makes it no better, but it certainly makes it no worse. The notary also certifies that the depositions were reduced to writing by himself in the presence of the witnesses. The statute does not require the deposition to be read over to the witness, whether he subscribes by mark or otherwise, and I know of no case, certainly we are cited to none, holding the same to be necessary in the absence of a statute requiring it.

Passing the other errors assigned, and deeming it unnecessary, with my views of the case, to discuss them in detail, I will observe that the petition nowhere alleges that the note sued on was endorsed to the plaintiff, or that he in any manner became the owner or possessed of it before maturity. This being the case, it cannot be deemed material that the jury in the special findings found that the plaintiff purchased the note in suit before the maturity of

the same.    It is not the purchase alone of commercial pa-
per before its maturity which cuts off defenses to it on the
part of the maker against the payee, but its endorsement·
There was no evidence of the endorsement of the note be-
fore or after maturity ; and in point of fact it appears from
the record that the note never was endorsed.

It not appearing, then, that the note was endorsed to the
plaintiff before its maturity, any defense to it which could
have been made by the defendant, had action thereon been
brought by the payee, could be set up and proved as a de-
fense to the action of the plaintiff.    Acting, doubtless, upon
this theory, the defendant plead, as we have seen, two
counter-claims, either of which was of sufficient amount to
set off the amount of the note had it been never so well
pleaded and proved.    And the depositions having been,
as we have seen, properly admitted, there was evidence
tending to prove them both.

If these views are correct, it becomes unnecessary to ex-
amine the evidence upon the question of the insanity of
the maker of the note at the time of its execution, for had
the jury charged the defendant with the full amount of
the note, principal and interest, they might still have
found the verdict which they did find, and it would be
sustained by the evidence.

Plaintiff in error does not pursue, in his brief, the er-
rors assigned for the giving and refusing instructions.
They will therefore be considered as abandoned.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.