[ 34    71|
·440  491|
  41    51|

# FIRST NATIONAL BANK OF RAPID CITY v. SECURITY NATIONAL BANK OF SIOUX CITY.

[FILED FEBRUARY 24, 1892.]

1. **Certificates of Deposit**: TRANSFER AFTER MATURITY. A *bona fide* purchaser of a negotiable certificate of deposit for value, before maturity, without notice of equities, is protected to the same extent as an innocent holder of other negotiable paper. But if such certificate is transferred when overdue, the purchaser takes it subject to all defenses which could have been made had it remained in the hands of the payee.

2. ———: INDORSEMENT "WITHOUT RECOURSE." The indorsement of such paper by the payee before due, "without recourse," is not of itself sufficient to charge the purchaser with notice of defenses of the maker.

3. ———: TRANSFER OVERDUE: NOTICE. Across the face of the the certificate of deposit in the usual form, payable to the order of the payee, on the return of the certificate properly indorsed, were stamped the words, "This certificate payable three months after date, with six per cent interest per annum for the time specified." The instrument was transferred by the payee more than three months after its date. *Held*, To be a time certificate, and dishonored when sold.

4. ———: ACTION: CROSS-DEMANDS BY MAKER. In an action on a negotiable certificate of deposit, transferred after due, the maker may set off any cross-demand which existed in his favor against the original payee at the time of the transfer.

ERROR to the district court for Douglas county. Tried below before DOANE, J.

*Chas. Offutt*, for plaintiff in error, cited the following authorities as determining the nature of certificates of deposit: 2 Wharton, Ev., sec. 925, and cases; Daniels, Neg. Inst., secs. 1702, 1702*a*, and cases; *Brett v. Ming*, 1 Fla., 447; *Mills v. Barney*, 22 Cal., 240; *Coye v. Palmer*, 16 Id., 158; *Ford v. Mitchell*, 15 Wis., 334; 1 Randolph, Com. Pa., sec. 2, and cases cited; *Cate v. Patterson*, 25 Mich., 191; Story, Prom. Notes, sec. 12, and cases; *Hazleton v. Union Bank*, 32 Wis., 35; *Pardee v. Fish*, 60 N. Y., 265; *Tripp v. Curtenius*, 36 Mich., 494, and cases cited; 1 Morse, Banks & Banking, sec. 298, and cases; *Frank v. Wessels*, 64 N. Y., 155; *Hunt v. Divine*, 37 Ill., 137, and cases cited; *Mitchell v. Wilkins*, 33 N. W. Rep. [Minn.], 910; *Curran v. Witter*, 68 Wis., 16. If the certificates were payable simply "on demand" or "on return properly indorsed," a reasonable time had elapsed after their issue, and their staleness was sufficient notice of dishonor. (Story, Prom. Notes [7th Ed.], sec. 29; 3 Randolph, Com. Pa., sec. 1042; *Camp v. Clark*, 14 Vt., 387; *Losee v. Dunkin*, 7 Johns. [N. Y.], 70; *Herrick v. Woolverton*, 41 N. Y., 581; *Chamberlyn v. Delarive*, 2 Wils. [Eng.], 353; *La Due v. Bank*, 31 Minn., 33; *Bull v. Bank*, 14 Fed. Rep. [Minn.], 612; *Novins v. Townsend*, 6 Conn., 5; *Parker v. Tuttle*, 44 Me., 459; *Ayer v. Hutchins*, 4 Mass., 372; *Clark v. Leach*, 10 Id., 51; *Thompson v. Hale*, 6 Pick. [Mass.], 259; *Stevens v. Bruce*, 21 Id., 193; *American Bank v. Jenness*, 2 Met. [Mass.], 288; *Carlton v. Bailey*, 27 N. H., 230; *Barbour v. Fullerton*, 36 Pa., 105; *Keyes v. Fenstermacher*, 24 Cal., 331.) These certificates bore such marks, in addition to their age, as under all the circumstances charged the purchaser with notice of the maker's equities. (*Ayer v. Hutchins*, 4 Mass., 372; Daniels,

Neg. Inst., secs. 795*a* and cases, 795*b* and cases, 799 and cases.) A certificate of deposit, like a check, is never more than a conditional payment, and he who receives it may, when its payment is refused, treat it as the property of the debtor, and sue on the original consideration. (2 Daniels, Neg. Inst., sec. 1701, and cases; Newmark, Bank Deposits, secs. 208, 209, and cases.)

*Congdon & Hunt, contra,* cited, as to the nature of certificates of deposit: *Shute v. Bank,* 136 Mass., 487; *McGough v. Jamison,* 107 Pa. St., 336; *Brown v. McElroy,* 52 Ind., 404; *Boughton v. Flint,* 74 N. Y., 476; *Howell v. Adams,* 68 Id., 314; *Smiley v. Fry,* 100 Id., 262; *Pardee v. Fish,* 60 Id., 265; *Gregg v. Bank,* 87 Ind., 238; *Tripp v. Curtenius,* 36 Mich., 497; 1 Morse, Banks and Banking, 525; *Riddle v. Bank,* 27 Fed. Rep. [Pa.], 503. Defendant in error is a *bona fide* purchaser for value and is entitled to recover. (*Natl. Bank of Republic v. Young,* 7 Atl. Rep. [N. J.], 488; *Smiley v. Fry,* 100 N. Y., 262; *Phelan v. Moss,* 67 Pa. St., 59; *Comstock v. Hannah,* 76 Ill., 530; *Fox v. Bank,* 30 Kan., 441; *Schoen v. Houghton,* 50 Cal., 528; *Kelley v. Whitney,* 45 Wis., 110; *Epler v. Funk,* 8 Pa. St., 468; *Stevenson v. O'Neal,* 71 Ill., 314.) If Rose were suing upon these certificates there could be no claim against him by plaintiff in error except such as might grow out of his indorsement of the Post certificate. (*Drew v. Towle,* 27 N. H., 412; *Thompson v. Mansfield,* 43 Me., 490; *Greenleaf v. Cook,* 2 Wheat. [U. S.], 13; *College v. Bryan,* 50 Ia., 293; *Stanton v. Maynard,* 7 Allen [Mass.], 335.)

NORVAL, J.

This suit was brought in the court below by the defendant in error upon four certificates of deposits issued by the plaintiff in error, payable to the order of John W. Rose, and by him indorsed to the Security National Bank of

Sioux City, Iowa. Three of the certificates were for $200 each, and one for $150.72.

The defense is failure of consideration, and that the defendant in error acquired the certificates after maturity, and under such circumstances as to charge it with notice of the maker's defense. On a trial to the court there was judgment for the defendant in error for the full amount of the certificates.

Two questions are presented for consideration:

First—Is the defendant in error a *bona fide* purchaser of the certificates, for a valuable consideration, before maturity, in the ordinary course of business, without notice of dishonor or of facts which impeach their validity as between the original parties?

Second—Has the consideration failed?

The certificates are alike, except as to amounts and numbers, and in the following form:

[In border line:] "Dakota.
"$200.          FIRST NATIONAL BANK,
                    "RAPID CITY, DAK., Oct. 8th, 1887.
"John W. Rose, Esq., has deposited in this bank two hundred dollars, payable to the order of himself on the return of this certificate properly endorsed.
"This certificate is not subject to check.
"No. 8006.                    RICHARD C. LAKE,
"No. 10729.                    *President.*"

[On margin:] "Certificate of deposit."

[Across the face in red ink:] "This certificate payable 3 months after date with 6 per cent interest per annum for the time specified."

The proofs show that John W. Rose on or about the 5th day of October, 1887, called at the banking house of Lake & Halley, private bankers at Buffalo Gap, South Dakota, with three certificates of deposit issued to him by Morton E. Post & Co., of Cheyenne, Wyoming, one for $739.38,

one for $67.35, and one for $77, each bearing interest and maturing at different dates, and instructed G. C. Smith, the acting cashier, to send the certificates to the First National Bank of Rapid City, and request that bank to issue four of their certificates, payable to Mr. Rose's order, as follows: Three certificates for $200 each and one for $150.72, in exchange for the Morton E. Post & Co.'s certificate for $739.38, on which interest expired October 8, 1887. Mr. Rose instructed Cashier Smith to treat the other two certificates in like manner as their interest matured.

On October 5, 1887, Lake & Halley sent the three certificates, duly indorsed by Mr. Rose, to the First National Bank of Rapid City, enclosed with the following letter:

"Banking House of Lake & Halley,
    Buffalo Gap, Dakota, Oct. 5, 1887.
"*James Halley, Esq., Cashier, Rapid City, Dak.*—Dear Sir: Herewith time C. D's, Morton E. Post & Co., Cheyenne, Wyo., drawn in favor of John W. Rose, and indorsed to you, as follows:

No. 12,300, expiration of 3 mos. Oct.
  8, '87 ............................... $739 38
               Int ................. 11 34—$750 72
No. 12,335, expiration of 3 mos. Oct.
  20, '87 ............................... 67 35
               Int ................. 1 01— .68 36
No. 12,337, expiration of 3 mos. Oct.
  21, '87 ............................... 77 00
               Int ................. 1 15— 78 15

"When the first C. D. matures send us your time C. D's, 3 mos., to order John W. Rose, as follows: Three for $200 each and one for $150.72 for the balance. Treat the others as they mature in like manner.

"Yours truly,        G. C. Smith, *A. Cas.*
"Would not take our C. D's, as this is not a national bank."

This letter and the certificates were received by the plaintiff in error on the 6th day of October, 1887, and on

the same day forwarded the $739.38 certificate for collection, through the First National Bank of Omaha. On the 8th day of the same month the First National Bank of Rapid City issued the four certificates of deposit in suit, and sent them to Lake & Halley on the same day, who delivered them to Mr. Rose. There was no other consideration for the issue of the four certificates in controversy. They were issued for the exact amount of the principal and interest called for by the Post & Co. certificate first maturing.

When the Post & Co. certificate reached Cheyenne and was presented for payment the makers had failed, having suspended and assigned on the morning of October 10, 1887. The certificate was protested on the following day, and due notice given to all parties. Rose was requested at once to take back the dishonored certificate and return the four certificates issued in exchange therefor, which he declined to do.

On June 7, 1888, Rose sold the certificates to the Security National Bank, of Sioux City, Iowa, for $750.72, the face value, in cash, and indorsed them to it "without recourse." The defendant in error at once presented the certificates to plaintiff in error and demanded payment, which was refused. Thereupon this suit was instituted.

The defendant in error insists that it is an innocent holder of the paper. The established doctrine is that a certificate of deposit in the usual form issued by a bank and made payable to order or bearer, is negotiable, and a *bona fide* purchaser thereof for value before maturity, without notice of equities, is protected to the same extent as an innocent holder of other negotiable paper. (*Bank of Peru v. Farnsworth,* 18 Ill., 563; *Laughlin v. Marshall,* 19 Id., 390; *Bean v. Briggs,* 1 Ia., 488; *Husé v. Hamblin,* 29 Id., 501; *Kilgore v. Bulkley,* 14 Conn., 363; *Drake v. Markle,* 21 Ind., 433; *Bank v. Ringel,* 51 Id., 393; *Johnson v. Henderson,* 76 N. Car., 227; *Pardee v. Fish,* 60 N.

Y., 265; *Miller v. Austen*, 13 How. [U. S.], 218; *Curran v. Witter*, 68 Wis., 16; *Moore v. Gano*, 12 O., 300; *Howe v. Hartness, Hill & Co.*, 11 O. St., 449.)

It is also equally well settled that where a certificate of deposit is transferred when overdue, the purchaser takes it subject to all defenses that could have been made had it not left the hands of the payee. (*Supra; Coye v. Palmer*, 16 Cal., 158; *Tripp v. Curtenius*, 36 Mich., 494.)

It cannot be successfully claimed that the plaintiff below, when it purchased these certificates, had actual notice of the facts surrounding their execution, or that it acted in bad faith in their purchase. It paid Rose the face of the certificates in cash, discounting only the interest. True, they were indorsed by the payee "without recourse," but notice cannot be implied from such an indorsement alone. (*Eppler v. Funk*, 8 Pa. St., 468; *Stevenson v. O'Neal*, 71 Ill., 314; *Kelley v. Whitney*, 45 Wis., 111; *Fox v. Bank*, 30 Kan., 441.)

It is important next to determine whether the certificates in suit were past due when purchased by the defendant in error, so as to charge it with notice of facts which would impeach their validity as between the maker and payee. Counsel for the defendant in error insist that the certificates are only payable upon their return and presentation to the maker, properly indorsed, which was after their transfer to the Security National Bank, and therefore were not dishonored when purchased. This contention is based upon the phrase, "on the return of this certificate properly indorsed," used in the printed form of the certificates. If they contained no other stipulation as to time of payment, there would be ground for debate that they did not become due until payment was demanded, and that their dishonor would not be presumed from lapse of time. Authorities are to be found which sustain such a doctrine, but the decisions are not all one way. Many adjudicated cases, as well as text-books, lay down the proposition that

a certificate of deposit in the ordinary form, payable on its
return duly indorsed, is in legal effect a promissory note,
and is due immediately upon its execution, and that suit
may be brought thereon without a previous demand, the
same as in the case of a promissory note payable on de-
mand.    As we construe the certificates sued on in this
action we are not now called upon to choose between these
conflicting authorities, or to decide whether demand certifi-
cates are subject to the same rule which governs and controls
demand notes, for these are time certificates.    By their terms
they are payable three months after their date.    Clearly
that is the meaning of the words stamped across the face
of the instruments.    They are capable of no other reasona-
ble construction.    The holder could not have lawfully de-
manded payment before the expiration of the three months,
and had suit been instituted before such time had elapsed,
it would have been prematurely brought.    The words "on
the return of this certificate properly indorsed," when read
in connection with the other stipulations, do not control
the time of payment, nor was it indispensable to a recovery
that the certificates should have been previously presented
to the maker duly indorsed.    To hold that the tender of a
certificate properly indorsed is a condition precedent to
maintain an action thereon would defeat a recovery upon
a lost certificate, and would prevent a third person from
becoming the owner of a certificate payable to the order of
the payee, unless indorsed.    Such a rule would be unsound
in principle and contrary to the weight of the decisions.
(*Cassidy v. First Natl. Bank*, 30 Minn., 86; *Citizens Natl.
Bank v. Brown*, 11 N. E. Rep. [Ohio], 799.)

Construing together all the conditions of the instruments
in suit, and giving effect to every part, as we must, they
are payable three months after their date, to the payee, or
to the person by him transferred. (*Brett v. Ming*, 1 Fla.,
447; *Hunt v. Divine*, 37 Ill., 137.)

In the case last cited the certificate was in the following
form :

"BANKING HOUSE OF E. T. HUNT & CO.,

SYCAMORE, ILL., March 9, 1861.

"C. M. Chase, Esq., has deposited in this bank two hundred and eighty dollars and fifty cents in currency, subject to the order of himself, and payable in like funds on return of this certificate three months after date.

"E. T. HUNT & CO."

It was held that it was payable absolutely three months after its date, and that a return of the certificate was not a condition precedent to the recovery. The similarity of the certificate in the Illinois case to the ones we are considering, entitles that decision to great weight as a precedent here. When these certificates were purchased by the defendant in error they were five months overdue, and being dishonored, the maker is entitled to all defenses against them, it could have urged had action thereon been brought by the payee. (*Britton v. Berry,* 20 Neb., 325, 330; *First Natl. Bank v. Edholm,* 25 Id., 741.)

These certificates of deposit were issued in exchange for the Post & Co. certificate. There was no other consideration. The record discloses that the plaintiff in error used due diligence in presenting for payment the Post & Co. certificate. When presented, the makers had failed. It was immediately protested and notice given to Rose, the payee and indorser, the dishonored certificate tendered to him, and these certificates demanded. Whether the Post & Co. certificate was sold to the First National Bank of Rapid City, or was simply received by it for collection, can make no difference as to the sufficiency of the defense. If received as a collection, then the proceeds, when collected, were to go to the bank in payment of the certificates in suit issued before the Post & Co. certificate was transmitted. Payment being refused when presented to the makers, the consideration for these certificates failed. (*Lindsey v. McClelland,* 18 Wis., 481; *Fleig v. Sleet,* 43 O. St., 53.)

If the plaintiff in error is regarded as the owner of the

Post & Co., certificate, then Rose was liable thereon as indorser. Every step was taken to charge him as such, and the First National Bank of Rapid City could maintain an action against Rose on his contract of indorsement. Then, under the provisions of our Code relating to set-off and counter-claim, it could have been pleaded as a defense if this suit had been brought by Rose; and the certificates in controversy being dishonored when transferred to the Security National Bank, the plaintiff in error can plead and prove any defense which could legally be made by it if Rose were the plaintiff.

In *Edney v. Willis*, 23 Neb., 56, the author of that opinion, after quoting section 31 of the Code, says : " This clearly implies that set-off may be allowed against a note transferred after due. In England the indorsee of an overdue note or bill is liable to such equities as attach to it in itself, but only to such, and not to those arising out of collateral matters, nor to any set-off that is not good against his indorser. And so at common law in this country, in some states it is held that not all equities which might be set off against the original payee can be set off against a third party who is affected with constructive notice of set-off, but only those attaching to the particular note in suit. * * * The English rule seems to be based upon the doctrine of recoupment, and is not applicable in any state having a statute similar to our own, where independent and collateral claims may be set off against an overdue note in the hands of a payee."

In any view of the case the defense is well grounded, and should have been sustained. The judgment is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.