W. H. MERENESS (as Administrator of the Estate of ISAAC MERENESS, Deceased), Appellant, v. THE FIRST NATIONAL BANK OF CHARLES CITY, IOWA.

**Statute of Limitations:** ACCRUAL OF ACTION: *Certificate of deposit.*
1 As a demand certificate of deposit is in effect a promissory note, limitations begin to run against the same from the date thereof.

TOLLING: *Fraud and concealment.* Where an administrator demanded of a bank a sum claimed by him to be due his intestate on a lost certificate of deposit, and the cashier of the 2 bank informed him that it did not appear from the books of the bank that it was indebted to his intestate, such statement, though knowingly false, was not such fraud or concealment as to toll the statute of limitations as to the certificate.

DEATH OF CREDITOR. The running of the limitations against a certificate of deposit was not interrupted by the death of the holder of the certificate.

*Appeal from Floyd District Court.*—HON. C. H. KELLY, Judge.

THURSDAY, OCTOBER 4, 1900.

THE petition was filed October 19, 1895, alleging that on April 12, 1881, Isaac Mereness .deposited with defendant $1,000.00, for which it issued a demand certificate of deposit, since lost; that said Mereness died October 10, 1888, and plaintiff was appointed administrator of his estate in May, 1889; that plaintiff demanded of defendant the money due on said certificate in June, 1889, whereupon he was falsely informed by defendant's cashier and president that there was no money due said Isaac Mereness on said certificate, or his representative, and refused payment; that said misstatement was knowingly made, for the purpose of preventing plaintiff from collecting the same; that to a written inquiry addressed the cashier he responded the same year that he had made an examination of the books of the bank, and could find no money to the credit of said Mereness, or belonging to him or his heirs, and requested plaintiff to look the matter up, whereas he knew said books showed a deposit of one thousand dollars due and owing to said Mereness or his representative, and made the communication with an intent to mislead and deceive plaintiff and conceal from him the facts; that plaintiff discovered the truth but a few months prior to bringing this action, and he asks judgment for the $1,000.00, with interest from date of deposit. The defendant's demurrer that the cause of action appeared to be barred by the statute of limitations was sustained. From judgment dismissing the petition, plaintiff appeals.—*Affirmed.*

*Springer & Clary* for appellant.

*Ellis & Ellis* for appellee.

LADD, J.—In the early case of *Bean v. Briggs,* 1 Iowa, 488, this court held a time certificate of deposit, in the usual form, negotiable, for that it possessed all the characteristics of a promissory note. Story defines a "promissory note"

to be "a written engagement by one person to pay another person, therein named, absolutely and unconditionally a certain sum of money at a time specified therein." Story, Notes, section 1. The ordinary certificate of deposit is precisely within this definition, and it is generally held that such certificates are, in effect, promissory notes, and governed, with certain exceptions, by the same rules. *Klauber v. Biggerstaff*, 47 Wis. 551 (3 N. W. Rep. 357); *Bank v. Brown*, 45 Ohio, St. 39 (39 Am. St. Rep. 527); *Institute v. Weedon*, 18 Md. 320 (81 Am. Dec. 603); note to *O'Neill v. Bradford*, 42 Am. Dec. 575; 5 Am. & Eng. Enc. Law (2d ed.) 803, and cases collected. The decisions reaching a contrary conclusion seem to rest on the peculiar wording of particular certificates. See *Patterson v. Poindexter*, 6 Watts & S. 227, 40 Am. Dec. 554; *O'Neill v. Bradford, supra*. The exceptions referred to relate to the necessity of a demand before suit may be maintained or the statute of limitations begins to run. The cases so holding seem to rest on the theory that the transaction not alone creates a debt against the drawer of the certificate, but is also in the nature of a bailment,—in contemplation of law a deposit, and not a loan,—and hence that demand is essential before the holder is entitled to the return of his money. *Payne v. Gardiner*, 29 N. Y. 146 (divided court); *Bellows Falls Bank v. Rutland Co. Bank*, 40 Vt. 377; *Brown v. McElroy*, 52 Ind. 404; *Munger v. Bank* 85 N. Y. 580; *McGough v. Jamison*, 107 Pa. St. 336; *Schute v. Bank*, 136 Mass. 487. The settled doctrine of this court, however, seems to be that, when a person deposits money in a bank in the usual course of business, he loans it to the bank, which becomes his debtor to the amount of deposit, and not his bailee therefor. *Lowry v. Polk County*, 51 Iowa, 50; *Long v. Emsley*, 57 Iowa, 11. See cases collected in 3 Am. & Eng. Enc. Law, 826. The title to the money passes to the bank, and becomes subject to its absolute control. The depositor cannot lay claim to the specific money, nor can he maintain an action in replevin

or trover therefor.   His sole remedy is assumpsit.   A promissory note payable on demand is due presently, and the statute of limitations begins to run from its date.   See note to *Merritt v. Todd,* 80 Am. Dec. 243.

Why a different rule should be applied to a contract held to be an exact equivalent of such a note we are unable to discover.   Certificates of deposit in the usual form are no more nor less than promissory notes by the banks issuing them, and, if there is any valid reason for declaring the one due at its date and the other only on demand, this has not been disclosed by the very eminent courts making such a distinction.   The reasoning of *Payne v. Gardiner,* 29 N. Y. 146, is quite as persuasive when applied to a demand note. There appears to be no tenable ground for not applying the rule pertaining to promissory notes payable on demand, and holding that the statute of limitations commenced to run at the date of this certificate.   *Curran v. Witter,* 68 Wis. 16 (31 N. W. Rep. 705) ; *Mitchell v. Easton,* 37 Minn. 335 (33 N. W. Rep. 910) ; *Tripp v. Curtenius,* 36 Mich. 494; *Brummagin v. Tallant,* 29 Cal. 504; *Lynch v. Goldsmith,* 64 Ga. 42; *Hunt v. Divine,* 37 Ill. 137.   See *First Nat. Bank of Rapid City v. Security Nat. Bank of Sioux City,* 34 Neb. 71, 15 L. R. A. 386, and note 11 (s. c. 51 N. W. Rep. 305).

II.   It is the settled doctrine of this state that, where a party against whom a cause of action has accrued in favor of another by actual fraudulent concealment prevents such other from obtaining knowledge thereof, the statute of limitations will begin to run from the time the right of action is discovered or, by the exercise of ordinary diligence, might have been discovered.   *District Tp. v. French,* 40 Iowa, 601; *Findley v. Stewart,* 46 Iowa, 655; *Bradford v. McCormick,* 71 Iowa, 129 ; *Wilder v. Secor,* 72 Iowa, 161; *Carrier v. Railway Co.,* 79 Iowa, 80.   See note to *Shellenberger v. Ransom,* 31 Neb. 61, 25 L. R. A. 566 (s. c. 47 N. W. Rep. 700).   As we have seen, the action accrued at

the time the money was deposited, October 12, 1881, and, as no fraud against deceased is charged, the statute commenced to run at that time. It was not interrupted by his death. *Grether v. Clark,* 75 Iowa, 383; *Murphy v. Railway,* 80 Iowa, 26. And, generally, the statute may not be suspended after beginning to run. *Black v. Ross,* 110 Iowa, 112. There are exceptions to this rule, as when no opportunity is afforded to resort to the courts, as in case of war, *Amy v. Watertown,* 130 U. S. 320 (9 Sup. Ct. Rep. 530, 32 L. Ed. 953), or absence from the state (section 345, Code). But we have discovered no case holding that deception by the party liable will toll the statute. Here what is alleged to have been said and written amounted to no more than a denial of liability, and that evidence thereof existed in the books of the bank. The deceased must have known otherwise, and plaintiff acquired the right of action as his representative within eight years after it had accrued. Surely, under such circumstances, the claim of the reputed debtor, though knowingly false, that he owed nothing, and had no evidence to the contrary, furnished no reason or excuse to the creditor for not instituting suit within the statutory period.—AFFIRMED.

GRANGER, C. J., not sitting.