BILLINGS *vs.* MEIGS and others.

Although, where there is a general partnership, and one of the firm borrows money in the name and upon the credit of the firm, the lender may recover against the firm, if he has acted in good faith, notwithstanding that the money was ultimately misapplied by the partner borrowing it; yet if the lender knows, at the time of the loan, that it is the intention of the borrower to apply it to his individual use, and afterwards it is so applied, he cannot recover from the firm ; or if he has good reason to believe from surrounding circumstances, that such is the intention of the borrower, he is put upon inquiry to ascertain from the other members of the firm whether the loan is sought to be made with their consent and for their use.

So when a banker has the funds of a firm deposited with him for the purpose of its especial business, and when he knows that one of the firm is engaged in individual speculations, and he transfers these funds to the separate account of this member, and with knowledge that the latter appropriates the funds to such speculations, the banker is liable for the funds thus misapplied, unless they first assure him of their consent.

APPEAL from a judgment entered upon the report of a referee.   The action was brought by the plaintiff, against the defendants, to recover a balance alleged to be due to the firm of B. F. Carver & Co., of which firm the plaintiff was a member, on an account kept by that firm with the defendants.

The case was tried before a referee, who found the following facts :

*First.* That the plaintiff did, on the 24th day of October, 1860, form a copartnership with Benjamin F. Carver and Courtland G. Babcock, to transact the business of banking

at Chicago, in the State of Illinois, under the name and style of "B. F. Carver & Company," and that the said copartnership continued in the transaction of such business until the 1st day of May, 1862, when the same was dissolved.

*Second.* That the defendants were, prior to October, 1860, and until December 31, 1861, copartners, doing business as bankers and brokers, in the city of New York, under the name and style of "Meigs & Greenleaf."

*Third.* During the continuance of the said copartnership of B. F. Carver & Company, the said firm remitted, from time to time, to the firm of Meigs & Greenleaf, government and state securities, to be sold at the city of New York for them and on their account. And the said firm of B. F. Carver & Company also remitted to, and deposited with said Meigs and Greenleaf, divers sums of money to be drawn against by said B. F. Carver & Co. as they should have occasion.

*Fourth.* The avails of the sales of the said government and state securities, and the amount of money so as aforesaid deposited with said Meigs & Greenleaf, amounted in the whole to $641,326.31.

*Fifth.* That during the continuance of the copartnership of B. F. Carver & Company, the said firm drew and received from the firm of Meigs & Greenleaf the sum of $627,769.58, leaving the sum of $13,536.74, on the 1st day of October, 1862, in the hands of said firm of Meigs & Greenleaf, belonging to the firm of B. F. Carver & Company, subject and liable to be paid on demand.

*Sixth.* That the said sum of $13,536.58, was, on or about the 5th day of October, 1862, demanded by the plaintiff's firm, of B. F. Carver & Company, of the defendants, but has not been paid.

*Seventh.* Benjamin F. Carver and Courtland G. Babcock have assigned their interest in said firm of B. F. Carver & Co. and the property and assets thereof to the plaintiff.

The referee found, as conclusion of law : That the defendants were indebted to the plaintiff in the sum of $13,536.74, with interest from the 5th day of October, 1862, which amounts to $3,432.28 ; and that the plaintiff was entitled to judgment for the said amount, to wit. $16,969.02, besides the costs of this action.

The defendants appealed from the judgment so entered.

*E. E. Anderson,* for the appellants.

*John N. Whiting,* for the respondent.

*By the Court,* CLERKE, P. J.   In the additional findings of the referee, he finds, as matters of fact, that the various sums, which the defendants claim they had a right to appropriate to the individual use of B. F. Carver, were transmitted in the regular course of their business, from Chicago to the defendants, by B. F. Carver & Co. composed of the said B. F. Carver, Coddington Billings and Courtland G. Babcock, and that this was done without the knowledge and consent of Billings and Babcock.   The plaintiff's firm were bankers in Chicago, dealing in money and government bonds, and loans and discounts, and nothing else.   The speculations in stocks and the other transactions of B. F. Carver, individually, of which there is sufficient in the evidence to infer that the defendants were cognizant, were frauds upon the plaintiff's firm, having been entered in the defendants' accounts as part of their transactions, when it was evident that these transactions were not in the ordinary course of their business.   When the defendants witnessed this misappropriation of the funds of the firm, they were at least put upon inquiry to ascertain from the other members of the firm whether they consented to the course, in which Carver was individually engaged, and whether the funds of the firm should be applied to his individual transactions.   Undoubtedly, where there is a general partnership, and one of the firm borrows money

Billings *v.* Meigs.

in the name and upon the credit of the firm, the lender may recover against the firm, if he has acted in good faith, notwithstanding that the money was ultimately misapplied by the partner borrowing it. But, if the lender knows, at the time of the loan, that it is the intention of the borrower to apply it to his individual use, and afterwards it is applied, he cannot recover from the firm ; or, if he has good reason to believe from surrounding circumstances that such is the intention of the borrower, he is put upon inquiry to ascertain from the other members of the firm whether the loan is sought to be made with their consent and for their use. So, when a banker has the funds of a firm deposited with him for the purpose of its especial business, and when he knows that one of the firm is engaged in individual speculations, and he transfers these funds to the separate account of this member, and with a knowledge that the latter appropriates the funds to such speculations, the banker is liable to the firm for the funds thus misapplied, unless they first assure him of their consent.

The only doubt I have felt in this case arose from the absence, in the referee's findings of fact, of an express finding of knowledge on the part of the defendants of the misapplication of the funds by Carver ; but, as the evidence satisfactorily shows this, and as there is enough in the whole findings to show that the funds were received from the firm for the business in which they were engaged, and that the transfer was made for the individual purposes of Carver, without the knowledge and consent of the other members of the firm, I think it is not necessary to send back the case to the referee.

The judgment should be affirmed with costs.

[NEW YORK GENERAL TERM, January 4, 1869.   *Clerke, Sutherland* and *George G. Barnard,* Justices.]