# CHARLESTON.

POMEROY NATIONAL BANK *v.* HUNTINGTON NATIONAL BANK.

Submitted September 6, 1912.    Decided May 20, 1913.

1.  BILLS AND NOTES—*Certificate of Deposit—Negotiability—"Negotiable."*

    A certificate of deposit issued by a bank for a certain sum of money, not subject to check and payable to the order of the depositor in current funds, on the return of the certificate properly endorsed, is negotiable within the meaning of section 7 of chapter 99 of the Code.    (p. 535).

2.  JUDGMENT—*Conclusiveness—Estoppel—Different Causes of Action.*

    If the cause of action in a second suit differs from that of a former one in which the parties participated, though growing out of the same transaction or relating to the same property or fund, the record in such former suit does not estop the parties as to everything that could have been litigated therein, but only as to such matters as affirmatively appear to have been decided in it.    (p. 537).

3.  SAME—*Res Judicata—Issues—Determination.*

    The record of a chancery cause in which a co-partner charged a bank with a fund deposited with it as money belonging to the firm and successfully resisted the bank's defense of authorized payment of the funds to a member of the firm, by the issuance to him, in exchange, for the firm's check drawn by him, of a certificate of deposit payable to his order, showing no actual adjudication against the endorsee of the certificate, who was made a party to the cause, does not sustain a plea of former adjudication in an action of debt brought against the bank on the certificate of deposit by the endorsee thereof.    (p. 537).

Error to Circuit Court, Cabell County.

Action by the Pomeroy National Bank against the Huntington National Bank.    Judgment for defendant, and plaintiff brings error.

*Reversed and Rendered.*

*J. P. Bradbury,* and *Charles E. Hogg,* for plaintiff in error.

*Enslow, Fitzpatrick, Alderson & Baker,* for defendant in error.

POFFENBARGER, PRESIDENT:

The subject matter of this action is somewhat related to that of the equity suit of *Grobe* v. *Roup,* in which there were two appeals to this Court, one of which was disposed of in 44 W. Va. 197, and the other in 46 W. Va.· 488. In February, 1898, before the suit of *Grobe* v. *Roup* and .others ended and before the date of the decision on the last appeal therein, the Pomeroy National Bank instituted this action of ·debt in the circuit court of Cabell county for the recovery of the amount of the certificate of deposit, issued by the Huntington National. Bank to C. W. Roup, and endorsed by him to the Pomeroy .National Bank, as shown by the two opinions in the suit just mentioned. Having filed its declaration in said action, the plaintiff awaited final disposition of the chancery cause, and judgment was not rendered until the 13th day of April, 1910. Two defenses were interposed, non-negotiability of the certificate of deposit and former adjudication. There was a judgment for the defendant, upon a finding by the court, trial by jury having been waived, but the order does not indicate upon what ground the court based its conclusion.

The certificate of deposit is in the words and figures following: "$1800.00 The Huntington National Bank, Huntington, West Virginia, May 14, 1896. C. W. Roup has deposited in this bank eighteen hundred dollars. Payable to the order of himself in current funds on the return of this certificate properly endorsed. J. K. Oney, Cashier." It was countersigned by C. M. Gohen, Teller, and bore the following notice: "Certificate of Deposit, not subject to check. No. 14007." To be negotiable, this paper must be within the .terms of the statute in force at the date of its issue, section 7 of chapter 99 of the Code, making promissory notes, checks for money and .bills of exchange negotiable. And the paper must be payable at a particular bank or at a particular office thereof for discount or deposit, or at the place of business of a savings institution or savings bank. That the paper in question is neither a check nor bill of exchange is admitted, but, by the great weight of authority, it is held to be in legal effect a promissory note, notwithstanding the lack of a promise in express words. It ac-knowledges indebtedness in a certain amount and declares it to

be payable to a certain person or his order, and this necessarily implies a promise. The promise so made is to pay at the issuing bank, because the amount is payable on the return of the certificate properly endorsed. The place of payment is just as certain as the place of return, and as to that the paper is absolutely certain. Nor is the promise a conditional one, for it requires nothing beyond the return of the paper, corresponding with presentation for payment of a formal promissory note. Having these requisites of negotiability, the instrument is not rendered non-negotiable by the specification of current funds as the medium of payment. A promise to pay in such funds is construed to be one to pay in lawful money, convertible into specie or circulating at par with it, in the absence of proof of use of the terms in some other sense. Outside of Alabama and Pennsylvania, the courts almost uniformly sustain these conclusions. An intimation of a different view was expressed in *Hotchkiss* v. *Mosher,* 48 N. Y. 478, but that case was distinguished in *Pardee* v. *Fish,* 60 N. Y. 265, expressly declaring a certificate of deposit payable in current bank notes to be negotiable. Some of the earlier cases in Wisconsin refused to recognize the negotiability of such certificates, but they were disapproved and overruled in *Klauber* v. *Biggerstaff,* 47 Wis. 551. The following additional authorities sustain the conclusions here announced, but they are not all cited as supporting any one of the several propositions stated, nor as each sustaining all of them, some of them declaring certificates of deposit negotiable, while others a promise to pay in current funds, whether in a note or a certificate of deposit, to be a promise to pay in lawful money: *Miller* v. *Austin,* 13 How. (U. S.) 218; *Welton* v. *Adams & Co.,* 4 Cal. 37; *Poorman* v. *Mills,* 35 Cal. 118; *Kilgore* v. *Bulkley,* 14 Conn. 362; *Maxwell* v. *Agnew,* 21 Fla. 154; *Carey* v. *McDougal,* 7 Ga. 84; *Laughlin* v. *Marshall,* 19 Ill. 390; *Drake* v. *Markle,* 21 Ind. 433; *Bean* v. *Briggs,* 1 Ia. 488; *Saving Inst.* v. *Weedon,* 18 Md. 329; *Tripp* v. *Curtenius,* 36 Mich. 494; *Cassidy* v. *Bank,* 30 Minn. 87; *Fultz* v. *Walters,* 2 Mont. 165; *Kirkwood* v. *Bank,* 40 Neb. 484; *Johnson* v. *Henderson,* 76 N. C. 227; *Bank* v. *Brown,* 45 O. St. 39; *Smilie* v. *Stevens,* 39 Vt. 315; *Curran* v. *Witter,* 68 Wis. 16. In two cases decided by this Court at the present term and not yet reported, *Citizens*

*Bank* v. *Bryan* and *Benedum* v. *Citizens Bank,* negotiability of such certificates of deposit has been declared.

The plea of former adjudication is not sustained by the record of the chancery cause, adduced in evidence in support thereof. The two causes of action are different, though they grew out of transactions between some of the parties to the former suit and are related, both as to parties and subject matter. The broad rule of estoppel, relied upon by the defendant in error, applies only in those instances in which the cause of action in the second suit is the same as the cause of action in the first. *Hudson* v. *Land & Mining Co.,* 76 S. E. 797; Herm. Est. & Res. Adj., pp. 477, 478. When the parties to the second suit and the cause of action therein are identical with the parties to the former suit and its cause of action, everything which fell within the scope of the issues in the first suit, actual or potential, as determined by the nature and limits of its cause of action, is concluded, whether actually adjudicated or not. But, if the cause of action in the second suit, though relating to the same property or the same transaction as that out of which the first grew, is different, the record of the former suit is conclusive of those things or questions only which were actually decided therein. Under such circumstances, it becomes necessary to ascertain what issues were made and how decided, and, if it appears that the question, fact or right involved in the second action was not actually decided in the first, or, if a decision thereof does not affirmatively appear, there is no estoppel or adjudication as to it. *Hudson* v. *Land & Mining Co.,* cited; *Russell* v. *Place,* 94 U. S. 606; *Cromwell* v. *County of Sac,* 94 U. S. 351; *De Sollar* v. *Hanscome,* 158 U. S. 216; *Biern* v. *Ray,* 49 W. Va. 129; *Western &c. Co.* v. *Virginia Coal Co.,* 10 W. Va. 250; *Coville* v. *Gilman,* 13 W. Va. 314.

Grobe's suit against Roup, his partner, the Huntington National Bank and the Pomeroy National Bank had for its purpose the subjection of partnership funds, alleged to be in the hands of the Huntington National Bank, to payment of the partnership debts and enforcement of the plaintiff's right, as against that bank's claim of exoneration from liability therefor, to his share of any surplus that might remain after the payment of such debts.. The basis of the bill, according to its allegations and purposes, was the indebtedness of the bank to the

plaintiff's firm.   Standing upon that, he defended his position by an attack upon the validity of the transaction between the bank and the partner, which he charged to have been a fraudulent attempt on the part of the latter to misappropriate or divert that fund.   Roup, with the knowledge of the bank, had drawn the firm's check for $1,922.00, out of which he took $122.00 in cash and the bank's certificate of deposit for $1,-800.00 payable to himself.   Grobe's amended bill, filed after the decision of this Court on the first appeal, charged actual notice to the bank of want of authority in Roup to draw the firm's checks.   The original bill attempted to hold it liable upon its payment of the money to Roup with knowledge of his appropriation thereof to his own private or individual use, evidenced by the taking of the certificate of deposit payable to himself or his order.   The question between Grobe and the bank was substantially the same as that in *Bank* v. *Furniture Co.*, 57 W. Va. 625, not fraud on the part of the bank, but reliance by the bank upon an unauthorized act of the partner as agent of the firm.   The fraud, if any, was on the part of Roup, but in the perpetration thereof, he did an act in excess of his powers as firm agent of which the bank had notice.

The bill also attacked the validity of the certificate of deposit and denied negotiability thereof.   The Pomeroy National Bank appeared for the purpose of responding to this allegation of the bill and defending, as against Grobe, its claim as a *bona fide holder* of the certificate as a negotiable instrument.   There were no pleadings between the Pomeroy National Bank and the Huntington National Bank.   The latter did not, by any allegation of its answer, deny the negotiability of the certificate of deposit or its validity in any respect.   Its answer to the amended bill set up the conflicting claims of Grobe and the Pomeroy National Bank as to the fund, and the latter appeared to the answer, but it did not treat it as a cross bill or make any response to it by any sort of pleading.

Grobe's cause of action, growing out of the partnership relation between him and Roup, the relation of debtor and creditor between his firm and the bank and the allegation of the unwarranted and unauthorized action of the bank respecting the firm assets, is clearly not the same as that of the Pomeroy National Bank in this action, founded solely upon a negotiable

instrument, issued by the Huntington National Bank and held by the Pomeroy National Bank as a purchaser thereof in due course of business and in good faith. This being true, the plaintiff in error, the Pomeroy National Bank, is not precluded from recovery upon the certificate of deposit merely by reason of having been a party to the Grobe suit. Whether it is concluded or not by any adjudication therein depends upon inquiry as to what was actually decided.

On the filing of the amended pleadings to which reference has been made, the court, on motion of the plaintiff, adjudged, ordered and decreed that the Huntington National Bank pay to J. K. Oney, special receiver, the sum of $1,800.00, describing it as the amount of the certificate of deposit. Later, the court being of the opinion that Grobe was entitled to have the fund described in the bill and amended bill, then in the hands of the special receiver, subjected to the payment of the partnership debts of the firm of Grobe and Roup, and the balance divided between the partners in proportion to their interests in the partnership, and that the Pomeroy National Bank was entitled to be subrogated to the interest of Roup therein, adjudged, ordered and decreed accordingly, and referred the cause to a commissioner to take, state and report an account, which was done and the fund afterwards distributed.

The effect of this procedure was to compel the Huntington National Bank to pay into the hands of the special receiver the amount of money in controversy, at the suit of John T. Grobe, subject that fund to the payment of partnership debts and distribute the balance between the partners. As between the Pomeroy National Bank and the Huntington National bank, there is no express decision of anything. In none of the decrees is there any reference to any controversy between them. Nowhere did the court pass upon the negotiability of the certificate of deposit in express terms, or say whether the Pomeroy National Bank had, or had not, a cause of action against the Huntington National Bank, founded upon the certificate of deposit.

On the issues made by the pleadings, the plaintiff introduced the certificate of deposit and proved the following additional facts: C. W. Roup presented the same to the Pomeroy National Bank and received thereon, after having endorsed it, $100.00 in cash and a new certificate of deposit for the sum of

$1,700.00. Afterwards Roup endorsed and transferred the $1,-700.00 certificate of the Pomeroy National Bank to the Bank of Ravenswood, and, on presentation thereof, by the Bank of Ravenswood and demand for payment, the Pomeroy National Bank paid the same. On May 29, 1896, the $1,800.00 certificate of the Huntington National Bank, properly endorsed by Roup, was presented at said bank and payment thereof demanded on behalf of the Pomeroy National Bank. There was neither plea nor proof of any payment or set-off by the Huntington National Bank. In this state of the evidence, the defendant was clearly liable, upon the principles and conclusions already stated, for the full amount of said certificate, with interest thereon from the 29th day of May, 1896, amounting to $1498.20, making an aggregate of $3,298.20, for which the court should have rendered judgment on the 13th day of April, 1910, the date of its finding and judgment for the defendant.

Accordingly, the judgment complained of will be reversed and judgment rendered here for the plaintiff, the Pomeroy National Bank, for the sum of $3,298.20, as of the 13th day of April, 1910, with interest thereon from said date until paid, together with its costs in the trial court as well as in this Court.

*Reversed. Judgment for Plaintiff.*