No. 23,656.

GYPSUM VALLEY NATIONAL BANK, *Appellant,* v. F. E. DILLENBECK, *Appellee.*

SYLLABUS BY THE COURT.

1. NEGOTIABLE INSTRUMENTS—*Certificate of Deposit.* A certificate of deposit issued by a bank payable to the order of the depositor in current funds on the return of the certificate properly indorsed six months after date with interest at 4 per cent per annum is a negotiable instrument.

2. SAME—*Innocent Holder of Certificate of Deposit.* The mere fact that such a certificate was issued by a bank in payment for a promissory note transferred to it before the note was due, which was subject to defenses for fraud in its inception, does not warrant the inference that the bank took the note with actual knowledge of infirmity and in bad faith, or that it was not a holder in due course.

Appeal from Butler district court; ALLISON T. AYRES, judge. Opinion filed April 8, 1922. Reversed.

Z. C. Millikin, of Salina, Dennis Madden, of Topeka, John Madden, John Madden, jr., and C. B. Dunn, all of Wichita, for the appellant.

G. P. Aikman, and C. L. Aikman, both of El Dorado, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action upon a promissory note for $3,000 executed by the defendant, F. E. Dillenbeck, to himself which

Bank v. Dillenbeck.

he indorsed, and it was afterwards sold to the plaintiff bank. Verdict and judgment were given in favor of the defendant and the bank appeals.

The defendant alleged and offered proof to show that fraud was practised upon the defendant by one B. Laswell in obtaining the note. Defendant was induced by Laswell to execute the note and pay $300 in cash for shares of stock in an insurance company, which were to be subsequently issued and delivered. Laswell was not the agent of the insurance company, had no authority to sell its stock, no stock was ever issued to the defendant, and nothing was ever received by him for the note executed and the money paid. On October 4, 1917, the day after the execution of the note, Laswell sold it to the plaintiff for $2,880. Instead of taking cash for the note, Laswell took a certificate of deposit of the bank for $2,880, payable to himself or order in current funds on the return of the certificate properly indorsed six months after date with interest at four per cent per annum. This certificate was transferred by Laswell, and after passing through a number of banks, was paid by plaintiff on April 6, 1918. When the note was presented to defendant, payment was refused on the ground that the bank was not a holder in due course, but took it with notice of infirmities and in bad faith. On this issue the jury made the following special findings:

"1. Do you find that plaintiff purchased the note in suit:
　　　a. For value? Ans. No.
　　　b. Before maturity? Ans. No.
　　　c. In due course? Ans. No.
　　　d. Without notice of infirmity? Ans. No.

"2. If you answer 'd' of question 1 in the negative, then state what notice of such infirmity it had. Ans. Because plaintiff took precaution to hold the money under his control until after maturity of note.

"3. Do you find the plaintiff bank had knowledge of such facts that its action in taking the note in suit amounted to bad faith? Ans. Yes.

"4. If you answer the last above question No. 3 in the affirmative, state fully the facts of which plaintiff had such knowledge: Answer fully. Ans. We find from the fact that the plaintiff held this money in said bank and under his control until after maturity of said note."

The question involved is whether the plaintiff came into possession of the note without knowledge of the fraud in the inception of the note or without knowledge of such facts that its purchase amounted to bad faith. The court carefully and correctly instructed the jury as to the rules applicable in such cases. A jury in answer to a special

question found that the note was not purchased in due course and without notice of infirmity, but in answer to other questions the jury gave the basis for that finding. It found that the notice of infirmity was established by the fact that the plaintiff held the purchase money of the note under its control until after the maturity of the note. In another question the jury was asked to state fully the facts which showed that the plaintiff took the note with knowledge of infirmity and in bad faith, and its answer was that it was shown by the action of the plaintiff in holding the money in the bank under its control until the maturity of the note. The so-called holding of the money under the control of the plaintiff must be interpreted as the only ground upon which knowledge of infirmity or bad faith in the purchase of the note is founded. The circumstance of paying for the note by the issuance of a certificate of deposit, does not warrant the inference drawn by the jury, and from the findings this is the only fact from which knowledge or bad faith was inferred. Payment made by the certificate of deposit as it was issued was as complete as if the money had been paid for the note. The certificate was negotiable in form and was subject to be transferred from hand to hand, the same as a negotiable promissory note. (3 R. C. L. 574.) It was not only transferrable, but was actually transferred by the depositor, and the bank had no ground for resisting its payment when presented. It had no more control over the money due on the certificate than it would have had if it had indorsed and transferred a certificate of deposit issued by another bank which happened to come into its possession. If the certificate had not been negotiable, or if the fund had been set apart to be paid only to the one making the deposit, there would have been ground for the contention of defendant, but issued in negotiable form as it was, it did not warrant the inference drawn by the jury. One who purchases a promissory note for value before it is due, which is subject to defenses in the hands of the payee, is entitled to recover upon it unless it is proved that he came into its possession with actual knowledge of the defenses or that he was guilty of bad faith in taking it. The circumstance upon which the jury rested its finding does not show actual notice or bad faith, or that the plaintiff is without the protection of a holder in due course.

The judgment is reversed, and the cause remanded with directions to enter judgment for the plaintiff.

WEST, J.: Dissenting.