NATIONAL SURETY COMPANY *vs.* COMMISSIONER OF BANKS.

Suffolk.    October 19, 1922. — December 1, 1922.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & JENNEY, JJ.

*Trust Company,* In liquidation.    *Bills and Notes,* Certificate of deposit. *Banks and Banking.*

A depositor in a trust company, who was a defendant in a suit in equity, on August 3, 1920, to dissolve an attachment in the suit, gave a bond in the sum of $15,000 with a surety company as surety and indorsed to the surety company as security a certificate of deposit issued to him by the trust company on July 21, 1920. On September 25, 1920, the commissioner of banks took possession of the property and business of the trust company under the provisions of St. 1910, c. 399, as amended, and on June 21, 1921, not having received any notice of the claim of the surety company, applied the certificate of deposit as a set-off on an unsecured indebtedness of the depositor to the trust company for a much larger sum. In August, 1921, the depositor was adjudicated a bankrupt. On January 18, 1922, the surety company paid $1,750 in satisfaction of a judgment against the depositor in the suit in which the bond to dissolve the attachment was given. The surety company filed a claim as a creditor of the trust company in the full sum of $15,000, and, the claim being rejected, sought to establish its right by a suit in equity against the commissioner. *Held,* that

(1) The certificate of deposit was a negotiable instrument and was not overdue until after demand for payment was made;

(2) The surety company was a holder for value of the certificate of deposit;

(3) The surety company was not subject to any set-off of a debt owed by the depositor to the trust company;

(4) Since the certificate of deposit was held by the surety company as security for the payment of $1,750, the surety company, while it was entitled to have its claim for $15,000 received for proof by the commissioner, was not entitled to receive more than $1,750 in dividends: sums beyond that amount were subject to defences of the trust company against the depositor.

BILL IN EQUITY, filed in the Supreme Judicial Court on October 31, 1921, and afterwards amended, against the commissioner of banks in possession under St. 1910, c. 399, as amended, of the property and business of Cosmopolitan Trust Company, seeking a decree ordering the commissioner to recognize a claim of the plaintiff as a holder in due course of a certificate of deposit in the sum of $15,000, issued by the trust company on July 21, 1920, to Hugh J. Dimond and Company and indorsed to the plaintiff, to revoke a cancellation thereof, to set aside, from funds of the trust company in his possession and control, "a sum sufficient to cover

the maximum damages" recovered on a surety bond of $15,000 executed by the plaintiff as surety to dissolve an attachment in a suit against Hugh J. Dimond and Company; that the plaintiff's claim be allowed in the sum of $15,000, and for general relief.

The suit was heard by *Jenney*, J. Material facts established by the pleadings and found by the single justice are described in the opinion. The single justice reserved and reported the suit to the full court for determination.

*J. E. McConnell*, for the plaintiff.

*S. M. Child*, for the defendant.

PIERCE, J. The facts set out in the bill and answer, which are found to be true by a single justice of this court in the report and reservation, so far as they are material to the issue now presented are as follows: On July 21, 1920, the Cosmopolitan Trust Company issued a certificate of deposit in the sum of $15,000, payable to Hugh J. Dimond and Company or order in current funds upon the surrender of the certificate. This instrument was indorsed by the payee to the plaintiff, the National Surety Company, on August 3, 1920, to hold as collateral security for its undertaking as surety on a bond for $15,000 filed and approved on that day, to dissolve an attachment in a pending suit in equity against Hugh J. Dimond and Company and others. The suit against Hugh J. Dimond and Company was settled and the plaintiff in this action on January 18, 1922, paid in satisfaction of the decree $1,750.

On September 25, 1920, the commissioner of banks, acting by virtue of the provision of St. 1910, c. 399, took possession of the property and business of Cosmopolitan Trust Company, and as such commissioner is still engaged in administering the affairs of said trust company. On June 21, 1921, the commissioner applied the certificate of deposit in question as a set-off on the unsecured indebtedness of over $325,000 of Hugh J. Dimond and Company, he then having had no notice of any claim of the plaintiff. It is agreed that Hugh J. Dimond and Company was adjudicated bankrupt in August, 1921. The plaintiff petitions for leave to prove its claim arising under the certificate of deposit against the Cosmopolitan Trust Company. The single justice found "The claim is to be considered as if seasonably filed." The question presented for decision is whether the plaintiff can prove against the Cosmopolitan Trust Company the face value of the certificate

of deposit and receive in the distribution of its assets among its creditors a dividend thereon, if such shall be decreed, in amount up to its claim of $1,750 against Hugh J. Dimond and Company; or whether its right to prove the certificate of deposit in the settlement of the affairs of the Cosmopolitan Trust Company is a right to prove and receive a dividend only on the sum $1,750 owed to it by Hugh J. Dimond and Company, the payment of which the certificate of deposit was given to secure.

The certificate of deposit is a negotiable instrument and is not overdue until after demand for payment is made. *Shute* v. *Pacific National Bank,* 136 Mass. 487. *Hunt, appellant,* 141 Mass. 515. *Schmidt* v. *People's National Bank,* 153 Mass. 550. *Pierce* v. *State National Bank of Boston,* 215 Mass. 18. Morse on Banking (5th ed.) § 299, and cases cited. G. L. c. 107, §§ 23, 26, 32. The particular certificate of deposit, when indorsed by the payee to the order of the plaintiff, was regular on its face, was not overdue, and was taken by the plaintiff in good faith for value and without notice of any infirmity in the instrument or defect in the title of the payee and indorser. In these circumstances the plaintiff would be a holder for value, St. 1898, c. 533, § 52; G. L. c. 107, § 75; and as such could enforce the certificate obligation against the Cosmopolitan Trust Company or prove the debt evidenced thereby through any appropriate legal action or in any equitable proceeding for the winding up and liquidation of the Cosmopolitan Trust Company, free from defences available to prior parties among themselves, and could require payment of the instrument for the full amount thereof against the trust company and all parties liable thereon — St. 1898, c. 533, § 57, G. L. c. 107, § 80 — were it not for the rule that the holder of a negotiable instrument taken as security, or as a lien for the payment of some debt or obligation of a pledgor, is deemed a holder for value only to the extent of his lien. St. 1898, c. 533, § 27. G. L. c. 107, § 50. *Burnes* v. *New Mineral Fertilizer Co.* 218 Mass. 300, 303. The lien of the plaintiff on the $15,000 certificate of deposit is $1,750. The plaintiff consequently is a holder in due course of the certificate to the extent of $1,750; and the defendant, after the payment of $1,750, has the same rights of defence, including set-off, against the payment of any further sums as it would have if it were sued by the payee.

The plaintiff in any form of procedure should not be permitted to recover against the Cosmopolitan Trust Company on the certificate of deposit a sum of money by way of dividend thereon or otherwise, to the use of Hugh J. Dimond and Company, above the $1,750, the right of the Hugh J. Dimond and Company to such surplus dividend or payment being subject to all defences, including set-off, of the Cosmopolitan Trust Company. *Parish* v. *Stone,* 14 Pick. 198, 208. *Chicopee Bank* v. *Chapin,* 8 Met. 40, 44.

It results that the certificate of deposit shall be received by the commissioner of banks for proof against the Cosmopolitan Trust Company, that any dividend declared thereon up to $1,750 shall be paid to the plaintiff, the National Surety Company, or to its order, and that any surplus dividend shall be held by the commissioner to the use of Hugh J. Dimond and Company or to the use of its trustee in bankruptcy, but subject to all defences of the Cosmopolitan Trust Company.

*Decree accordingly.*