FIRST STATE BANK OF ANNONA ET AL. v. HIDALGO LAND COMPANY.

No. 4109.   Decided January 28, 1925.

(268 S. W., 144).

1.—Negotiable Instrument—Certificate of Deposit—Payable in "Current Funds."

A bank's certificate of deposit, ordinarily a negotiable instrument, is rendered non-negotiable by being made payable in "current funds." (Pp. 341-343).

**2.—Same.**

The words "current funds" are not synonymous with "current money," but include bank and treasury notes, gold and silver certificates, and media of exchange circulating on par with legal tender money.   (P. 343).

**3.—Same—Cases Followed—Stare Decisis.**

The cases of Texas L. & C. Co. v. Carroll, 63 Texas, 48, and First Nat. Bk. of Farmersville v. Greenville Natl. Bank, 84 Texas, 40, are adhered to and followed, though the weight of authority in other states seems to be otherwise.   (P. 342).

**4.—Negotiable Instruments Act.**

The effect of making an instrument payable in "current funds," instead of current money, as affecting its negotiability, is not altered by the adoption of the Negotiable Instruments Act (Act of March 24, 1919, ch. 123, Laws, 36th Leg., p. 190).   (Pp. 342, 343).

**5.—Same—Suggested Amendment.**

The propriety of an amendment to subdivision 5, of section 6, of the Uniform Negotiable Instruments Act, in order to render the rule in Texas uniform with that of other states, is suggested to the Legislature. (P. 343).

Question certified to the Supreme Court by the Court of Civil Appeals for the Sixth District, in an appeal from Red River County.

The Supreme Court referred the question to the Commission of Appeals, Section A, for its opinion thereon, and here adopts same as its answer to the question certified.

*Austin S. Dodd,* for appellants, cited:  Uniform Negotiable Instruments Acts (1919) Secs. 1, 6, 191, 196; Arts. 583, 584 and 586, Vernon's Sayles' Civil Statutes (1914) ; Texas Land Co. v. Carroll, 63 Texas, 48; First National Bank v. First National Bank, 84 Texas. 40; McCormick v. Kampmann, 102 Texas, 215; Kampmann v. McCormick, 59 S. W., 832, 24 Tex. Civ. App., 462; Fleming v. Nall, 1 Texas, 246; Williams v. Arnis, 30 Texas, 37; Bull v. Bank, 123 U. S., 105, 31 Law Ed., 97; Klauber v. Biggerstaff, 47 Wis., 551, 32 Am. Rep., 773, 3 N. W., 357; Ford v. Mitchell, 15 Wis., 304; Platt v. Sauk County Bank, 17 Wis., 222; Lindsey v. McClelland, 18 Wis., 481; Krieg v. Palmer Nat. Bank, 51 Ind. App., 34, 95 N. E., 613; L. R. A., 1918C, pages 701-2 and footnotes; Joyce on Defenses to Commercial Paper (2nd. Ed. Pub. 1924) Chap. 32 et seq. Vol. 2; Brannan on The Negotiable Instruments Law (3rd. Ed.) pp. 27, 28; Daniel on Negotiable Instruments (3rd Ed.) Secs. 56 & 57.

*Williams, Neethe & Williams,* and *Denman, Franklin & McGowan,* for appellee.

The words of the certificate of deposit shown in the record are, that it is payable in current funds.   The Negotiable Instruments Act,

(Chap. 126, 36 Reg. Legislature, page 190-191, Sec. 6, sub. 5) reads: "The validity and negotiable character of an instrument are not affected by the fact that it (5.) Designates a particular kind of current money in which payment is to be made".

In the case of Texas Land & Cattle Co. v. Carroll & Iler, 63 Texas, 48, it is said: "The instrument in question is payable in current funds and, although there is some conflict of authority upon the question, it is believed to be the better doctrine that the paper so payable, although otherwise in form negotiable is not in law negotiable.

An examination of authorities will show, however, that the great weight of authority, including that of the United States Supreme Court, holds, that the language referred to does not destroy the negotiability of the instrument. Bull v. First National Bank of Kasson 123 U. S., 105-112; Rose's Notes on U. S. Reports, New Edition, Vol. 13, page 1115. The question then to be determined by this court is: Did the act of 1919, if fairly construed, obviate the effect of Judge Stayton's decision in the 63rd Texas? We respectfully suggest that it did.

MR. PRESIDING JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

The Honorable Court of Civil Appeals for the Sixth District, in certificate, has asked the Supreme Court to determine whether or not the following instrument is negotiable within the provisions of the present laws of this State:

"The First State Bank,

Annona, Texas, January 6th, 1921.

"This certifies that H. S. Whiteman has deposited in this bank Five Thousand Three Hundred Fifty-nine and no/100 hundredth Dollars, $5359.00, in current funds, payable to the order of self on 8 months after date in current funds on the return of this certificate properly endorsed, with interest at the rate of five per cent per annum from January 6th, 1921, to September 15th, 1921.

L. B. Pool, Cashier.

"Certificate of Deposit.

Guaranty Fund Bank.

"No interest after maturity. This deposit is not subject to check."

That a certificate of deposit in usual form is in its nature negotiable seems now to be recognized by practically all courts and text writers. See Note in L. R. A. 1918C, page 691, 3 R. C. L. 574. The question involved here is whether the certificate referred to is in form negotiable, due to the fact that it is payable in "current funds." The recent decisions of courts of other states are in accord in holding

that if a certificate of deposit is otherwise in form negotiable the use of these words does not render it non-negotiable. Feder v. Elliott, (Iowa) 199 N. W., 288; Milliken v. Security Trust Co., 187 Ind., 307, 118 N. E., 568; National Surety Co. v. Allen, 243 Mass. 218, 137 N. E., 533; Bank v. Bank, 72 W. Va., 534, 80 Am. St., 401, 79 S. E., 662; Bank v. Dillenbeck, 111 Kans., 98, 205 Pac., 1022; Hatch v. Bank, 94 Me., 348, 47 Atl., 908; Kirkwood v. Bank, 40 Neb., 484, 24 L. R. A., 442, 42 Am. St., 683, 58 N. W., 1016; Bank v. Sugar Co., 147 N. Y. S. 498, 162 App. Div., 248.

The Supreme Court of our State has heretofore given recognition to the contrary doctrine, and has held that the use of this term in a like instrument has the effect of making it non-negotiable. In the case of Texas L. & C. Co. v. Carroll, 63 Texas, 48 involving a bill of exchange made payable in ''current funds,'' the Court said

''The instrument in question is payable in 'current funds' and although th:ere is some conflict of authority upon the question, it is believed to be the better doctrine that paper so payable, although otherwise in form negotiable, is not in law negotiable.

''We may say in this case as was said by the Supreme Court of Indiana in Conwell v. Pumphrey, 9 Ind., 138: 'The note before us was perfect as a money demand without the addition of the phrase ''payable in current funds;'' and unless that phrase was intended to allow payment in funds other than money, it is not easy to see why it was used.' ''

This case has not been overruled, but was cited with approval in the case of National Bank v. National Bank, 84 Texas, 40, involving a somewhat similar question. The present Supreme Court is not willing to depart from this holding.

It is insisted by counsel that the adoption by the Legislature of the Uniform Negotiable Instruments Act (Chapter 123, Acts 1919) had the effect of making the instrument in question negotiable. With this we cannot agree. The Act in question, among other things, provides that an instrument to be negotiable must have the following requirement:

''It must contain an unconditional promise or order to pay a certain sum of *money*.''

It is further provided that the validity and negotiable character of the instrument are not affected by the fact that:

''It designates a particular kind of current *money* in which payment is to be made.''

As there is nothing in the law itself to indicate that the expression ''current funds'' is to be regarded as having the same meaning as ''current money'', it is at once manifest that the question remains

with the courts for solution.   Prof. Brannan, in a very recent treatise on the Uniform Negotiable Instruments Law, says:

"The Negotiable Instruments Law leaves the question unsolved, for in section 6-5 it is simply provided that the validity and negotiable character of an instrument is not affected by the fact that it designates a particular kind of current money in which payment is to be made.'  What is meant by 'current money'? or rather, what is meant by 'money'?  Does it include not only gold and silver coin, but also bank notes, treasury notes and gold and silver certificates? All of them are current and are popularly spoken of as money, but they are not all legal tender."

After reference to a certain proposed amendment he adds:

"The question still remains, what is meant by 'currency' or 'current funds', and here the courts will decide as they have done in the past."

The courts of some of the states, no doubt for the sake of uniformity in decision have overruled prior decisions, and have given to the words "current funds" the same meaning as "money", regardless of the question as to whether or not certain commercial paper popularly referred to as money was legal tender.  Our Supreme Court is not willing to read this meaning into the language of our statute, believing that the matter is more appropriately one for legislative action.  As the Legislative is now in session the subject is respectfully called to their attention.  In order to have uniformity of application of this part of the Negotiable Instruments Law, Prof. Brannan suggests that subdivision 5 of Section 6 be amended, so as to provide that the validity and negotiable character of an instrument is not affected by the fact that:

"5.It is payable in currency or current funds or designates a particular kind of current money in which payment is to be made. The words 'currency', 'current money', or 'current funds' shall mean such circulating media as are legal tender or are lawfully and actually circulating at par with legal tender at the time and place of payment."

As to the wisdom or policy of such a change in our law the Legislature is, of course, to be the judge.

Following the opinion heretofore expressed in the case cited, we answer the question propounded by the Court of Civil Appeals by saying that the instrument referred to was not a negotiable instrument within the provisions of the law of this State.

The opinion of the Commission of Appeals answering the certified question is adopted and ordered certified to the Court of Civil Appeals.

*C. M. Cureton,* Chief Justice.