

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable D. C. Greer
State Highway Engineer
Texas Highway Department
Austin, Texas

Dear Sir:

Opinion No. O-5158

Re: Necessity of Federal
and State legislation
for Texas Highway Depart-
ment to cooperate with
United States Public
Roads Administration
and the Republic of Mexico
in building an international
bridge at Laredo.

This is in reply to your letter of March 29, 1943, wherein you state that it is contemplated that a new international bridge across the Rio Grande will be built at Laredo, Texas, as a joint project using funds from the United States Public Roads Administration, State Highway Department funds, and funds of the Republic of Mexico. You request an opinion as to whether or not enabling legislation must first be secured from Congress and the Texas Legislature before the Texas Highway Department may undertake this project.

The Rio Grande is a navigable stream ( Brownsville and Matamoros Municipal Bridge Company vs. Gateway Bridge Company, 2 S. W. 2nd 1012 ) and, of course, it does not lie wholly within the limits of the State of Texas. Before a bridge can be built across such a waterway, the consent of Congress must first be obtained, and the plans therefor must be submitted to, and approved by the Chief of Engineers and by the Secretary of War. 30 Stat. 1151, 33 U. S. C. A. sec 401; 34 Stat. 84, 33 U. S. C. A. secs. 491 et seq. See International Bridge Company vs. New York, 254 U. S. 126, 65 L. Ed. 176, holding that the provisions of these statutes apply to international bridges. See also Eagle Pass and P. N. Bridge Company vs. Texas-Coahuila Bridge Company (Civ. App.), 279 S. W. 937, writ refused, and Brownsville and Matamoros Municipal Bridge Company vs. Gateway Bridge Company, supra.

The Texas Legislature has vested plenary power and authority in the Texas Highway Department to designate, control and maintain State highways.   Articles 6673, et.seq., V. A. C. S.; Robbins vs. Limestone County, 114 Texas 345, 268 S. W. 915; Heathman vs. Singletary ( Com. App. ) 12 S. W 2nd., 150.  As used in the statutory authorization the term "highways" includes "bridges".  Article 6674-a, V. A. C. A.; Aransas County vs. Coleman, 108 Tex. 216.  Further, the Legislature has authorized the Highway Department to improve the State highway system with Federal aid.  Articles 6674d, 6674d-1, 6674e, V. A. C. S.

We are informed that the Laredo bridge approach forms a beginning and terminal point for State designated highways 81 and 83.  Consequently, in view of the broad authority given the State Highway Department by the Legislature over the construction and maintenance of designated State high-ways it is our opinion that special state legislation authorizing the Highway Department to cooperate with the Federal Government and the Republic of Mexico in the con-struction of an international bridge at Laredo is unnecessary.

We have advised you that the consent of Congress must be obtained and the plans must be submitted for approval to the Chief of Engineers and the Secretary of War.  We also advise you that the consent of the Mexican government must be obtained before the project may be begun.  The steps necessary to secure that consent and the tenor and effect of any treaty provisions on the subject are, of course, political questions which can be answered only by the State Department.  After Congress has authorized the structure and the plans have been approved by the Chief of Engineers and the Secretary of War, inquiry should be made of the State Department as to whether or not the consent of the Mexican Government has been obtained.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By James D. Smullen
Assistant

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN

JDS:ncd